[No. 13160.   Department One.   June 21, 1916.]

MAUSOLEUM SALES COMPANY, *Appellant*, v. F. L. MORGAN
*et al.*, *Respondents.*[1]

CEMETERIES—SALE OF CRYPT—CERTIFICATE—EXECUTION.   A corpo-
ration holding a contract of subscription for the purchase of a
burial crypt cannot recover from the subscriber upon the tender of
a certificate for the crypt made by another corporation which at
the date of the certificate neither had title to the property nor had
any corporate existence.

CEMETERIES — SALE OF CRYPT — CONTRACT FOR DEED — TENDER OF
CERTIFICATE.   Where a contract for a cemetery crypt provided for the
delivery of a deed free of all incumbrances, the tender of a cer-
tificate in place of a deed was inadequate.

TENDER—KEEPING GOOD.   Tender of a certificate for a cemetery
crypt, not kept good by being brought into court, is not sufficient to
sustain recovery upon a contract for the purchase price.

Appeal from a judgment of the superior court for Grays
Harbor county, Sheeks, J., entered April 27, 1915, dis-
missing an action on contract, upon granting a nonsuit. Af-
firmed.

*Martin F. Smith*, for appellant.

*Morgan & Brewer*, for respondents.

FULLERTON, J.—On June 24, 1913, respondent F. L. Mor-
gan executed the following instrument to appellant:

Mausoleum Sales Company,
1111-1114 White Building,
Seattle, Wash.
Private Family Rooms Containing Ten
Tombs, $3,500.
Price of Tombs, $200-225.
                    Hoquiam, Wash., June 24, 1913.

I, the undersigned, hereby subscribe for one Compartment in the
Hoquiam Cemetery Compartment Mausoleum at Hoquiam, Washing-
ton, and authorize the Mausoleum Sales Company of Seattle, Wash-
ington, to have constructed and deeded to me, free of all incum-

[1]Reported in 158 Pac. 255.

brances, the said Compartments for which I promise to pay said company or order, the sum of two hundred dollars at 1st Nat. Bank at Hoquiam, Wash., as follows: One-third of the above sum when the foundation of said Mausoleum is in; one-third when the walls and compartments are constructed to the square ready for the roof, and the remaining one-third when the building is completed.

(Signed)   F. L. Morgan
447 Chenault Ave.

Accepted June 24, 1913.
Mausoleum Sales Company,
By G. H. Cuthbert, Pres.

On April 10, 1914, the Hoquiam Community Mausoleum Association executed to respondent the following certificate:

The Hoquiam Community Mausoleum Association (Incorporated).

This certifies, that F. L. Morgan of Hoquiam, County of Chehalis, state of Washington, is the owner of one crypt in the Hoquiam Community Mausoleum in Prospect Hill Cemetery, Hoquiam, Chehalis county, state of Washington, as the same appears in the records of said Mausoleum Association in the office of its Secretary, known and designated as Crypt 2, Row B, to have and to hold the same forever subject, however, to the rules and regulations of said Association.

In Witness Whereof, The said Association has caused this instrument to be signed by its duly authorized officers this 10th day of April, 1914.        W. L. Adams, President.
C. H. Wise, Secretary.

On April 28, 1914, the Hoquiam Cemetery Association conveyed to appellant by warranty deed lot 70 in block 3 of Prospect Hill Cemetery. This deed contained the following recital:

"This grant is made to the grantee for burial and cemetery purposes only; and is hereby made subject to all the rules and regulations now in force or hereafter to be adopted by the grantor for the use of said land and the beautifying thereof for cemetery purposes."

By deed dated May 25, 1914, but acknowledged on June 9, 1914, the appellant conveyed the above described cemetery lot to the Hoquiam Community Mausoleum Association by a bargain and sale deed containing the following restrictions:

"(1)   The above premises conveyed shall be used only for the interment of the human dead of the Caucasian race, and all interments shall take place in the mausoleum building now erected on the premises in the crypts provided in said building.   No interment shall take place in any portion of the ground surrounding the building.

"(2)   No sale or transfer of a crypt shall be made while it contains the remains of any person.

"(3)   The grantee herein shall make no conveyance or transfer of any right, title or interest which is conveyed by this deed, except by certificate of interment in form like the certificate attached to this deed, marked 'Exhibit A,' and made a part of this instrument.

"(4)   The government, control and enjoyment of the mausoleum building and the grounds surrounding it, and herewith conveyed, shall be subject to such rules and regulations as the grantee from time to time may promulgate and enforce."

Respondent, at all times during the progress of work on the mausoleum, ignored demands for partial payments on his subscription.   The building was completed about April 10, 1914, and, on demand for payment of his subscription, respondent notified appellant that he definitely and positively declined to pay any sum whatsoever.   On January 7, 1915, appellant made tender to respondent of the certificate of the Hoquiam Community Mausoleum Association above set out, which respondent refused to accept; whereupon action was at once instituted on his subscription contract.

After appellant had shown the facts detailed above and had rested his case, respondent moved for a nonsuit.   This was granted by the court.   Judgment dismissing the action was subsequently entered, based on an order reciting that "the testimony introduced by the plaintiff was insufficient to sustain a verdict and judgment for the plaintiff."

It will be observed from the dates of the instruments set out that the certificate offered respondent is by an association which had no title to the premises at the time the certificate is dated.   The evidence shows, furthermore, that this as-

sociation was not incorporated until May 7, 1914, nearly a month subsequent to the date of the certificate; in fact the record title to the lot on which the mausoleum stands was not at that time in the appellant. It will thus be seen the appellant, in tendering the certificate, was tendering an instrument purporting to be executed by another corporation, which acquired title by mesne conveyances some two months subsequent to the date of the certificate, and that it was an instrument entirely outside the existing chain of title at the time of its execution. It is true that, at the date of tender, January 7, 1915, title in the maker of the certificate had been perfected, but the fact remains that the instrument was executed at a time when the corporation had no capacity to make it, and it was not even tested by affixing the corporate seal. The appellant's contract provided that there should be "constructed and deeded to me, free of all incumbrances" the crypt subscribed for. We think that, under such contract, he was entitled to a deed capable of being recorded so as to show his interest through a regular chain of title. Whether or not he would have any more rights under a deed than under a certificate is immaterial. His contract called for a deed. We are satisfied that the tender was inadequate in the light of either of the reasons above assigned.

If it should be conceded that the tender of the certificate was sufficient, it would yet be vulnerable to the objection that the tender was not kept good by being brought into court. Otherwise appellant might recover on the subscription contract without transferring the crypt, and thus stand in the position of retaining both the property and its purchase price.

The appellant earnestly contends that the certificate is equivalent to a deed, that no greater right would pass to respondent under a deed than under a certificate. The weight of authority seems to sustain that contention. The rule is stated in *Roanoke Cemetery Co. v. Goodwin*, 101 Va. 605, 44 S. E. 769, as follows:

"It is settled law that a formal deed is not essential to confer the exclusive right to the use of a lot in a cemetery on the purchaser for burial purposes; and, on the other hand, if the lot be conveyed by deed absolute in form, such purchaser only acquires the right or privilege of using the lot for the purpose to which it is dedicated."

But conceding the correctness of the rule, it is not applicable here. The certificate tendered was void in its inception, and no valid tender of a good certificate was made at the time of trial.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.