Samuel H. Hofstadter, J.
The present controversy is submitted for determination upon an agreed statement of facts, without summons or pleadings, pursuant to section 218-a of the Civil Practice Act, and rule 118 of the Rules of Civil Practice and rule II-A of the Rules of this court adopted in implementation of this section. The case was tried during the September 1959 Term and the parties were given time for the submission of briefs. Because of the death of the defendant’s then counsel shortly before the case was reached for trial, there has been a substitution of counsel with resultant delay so that the final submission was not made until December, 1959.
The controversy concerns the burial rights in a lot in the defendant’s cemetery. Though it does not appear from the agreed statement that the defendant is a cemetery corporation governed by the New York Membership Corporations Law, the defendant’s brief evidently so treats it. Since the plaintiff raises no objection to this basic assumption, the court adopts it in order to dispose of the issue on the merits, so far as this may be done at the present time.
*44 On August 2, 1919 Emma Swift Hammerstein, the wife of Oscar Hammerstein, purchased as sole owner from the defendant the cemetery lot here in question in which the remains of Oscar Hammerstein were interred on August 4, 1919. The lot has a capacity for 24 burials and up to the present time there have been 3 burials, the remains of Arthur Hammerstein and of his parents Oscar and Rose Hammerstein being interred therein. Twenty-one additional burials are thus available.
On September 21,1923 Emma Swift Hammerstein, the original owner, executed and filed with the defendant a quitclaim deed dated August 22, 1923, by which, for a stated consideration of $1,500, she purported to convey the cemetery lot to Arthur Hammerstein. On the same day she executed and filed with the defendant a second instrument in which she renounced any right to be buried in the lot, and for herself and all other persons who might derive any interest or right to be buried therein through or from her agreed to ‘ ‘ forego, abandon, release, discharge and renounce any and all rights of burial or interment in the said plot.”
On October 9,1923 Emma Swift Hammerstein, ‘ ‘ being the sole owner of the use for burial purposes ” of the lot, executed and filed with the defendant a further instrument declaring that all graves in the lot should be used exclusively for the interment of the remains of Oscar Hammerstein and of the remains “ only of those persons hereafter designated in writing by Arthur Hammerstein, and no others ’ ’ and irrevocably binding herself and her heirs by the agreement.
From time to time thereafter Arthur Hammerstein executed and filed with the defendant designations of persons to be interred in the lot, the latest of these being dated January 15, 1946. The defendant honored these designations to the extent of permitting the interment of the remains of Arthur Hammerstein himself and of his mother Rose in the lot. Among the persons so designated by Arthur Hammerstein is the plaintiff, Dorothy Dalton Hammerstein, Arthur’s widow.
Arthur Hammerstein died a resident of Illinois in October, 1955 and the plaintiff is the executrix and sole beneficiary under his will. The will, however, makes no specific reference to the cemetery lot with which we are here concerned.
Since the execution of the September 21, 1923 documents, no one other than Arthur Hammerstein, the present plaintiff, and his heirs, has ever asserted or claimed, either to the plaintiff or the defendant, the right of burial in the lot. The plaintiff claims to have succeeded to the rights of her late husband Arthur Hammerstein, by virtue of his will, and seeks judgment *45 to that effect. The defendant denies her claim and asserts affirmatively that neither she nor anyone claiming under or through her has the right to designate who may be interred in the lot.
It is an established principle that the purchaser of a cemetery lot does not acquire a fee title, but a right, in the nature of an easement, to use the lot for purposes of interment, in accordance with the regulations prescribed by the owner of the cemetery grounds (Daniell v. Hopkins, 257 N. Y. 112, 117; Matter of Empire Monument Co. v. Lewis, 252 App. Div. 301, 302, affd. 277 N. Y. 648; Oatka Cemetery Assn. v. Cazeau, 242 App. Div. 415, 417). Since the ordinary incidents of ownership of real property do not attach to ownership of a cemetery lot, the rules of real estate conveyancing and devolution afford no safe guide for the transfer of rights in a cemetery lot. This caution becomes the more necessary in the light of the statutory declaration: 1 ‘ After a burial therein, the same shall be inalienable, except as otherwise provided.” (Membership Corporations Law, § 84, subd. 6.) The foregoing provision has in substance been part of the law of this State since the enactment of the Rural Cemetery Act of 1847. (L. 1847, ch. 133, § 11; Membership Corporations Law [L. 1909, ch. 40], § 69; [L. 1926, ch. 722], § 84.) The later amendments of section 84 of the Membership Corporations Law (L. 1945, ch. 751, § 1; L. 1949, ch. 533, § 13; L. 1953, ch. 765; L. 1954, ch. 717; L. 1955, ch. 469) have not modified the basic restriction that a cemetery lot, after a burial therein, shall be inalienable.
In reliance on this restriction the defendant now argues that the 1923 transaction between the original owner Emma Swift Hammerstein and her stepson Arthur was ineffectual to confer any rights upon the latter and that it was but an attempt, by indirection, to circumvent the statutory restriction. Though the written submission contains no explicit statement on the point, apparently the defendant’s present position is contrary to that taken by it in 1923 and thereafter. There is no suggestion that the various instruments already enumerated which were filed with the defendant were ever questioned by it. They seem to have been accepted for filing without objection or qualification and the defendant impliedly recognized their validity when in two instances it permitted interments in the lot directed by them. However, determination of this question is not now necessary, for I conclude that even if Arthur Hamerstein succeeded to all the rights of Emma Swift Hammerstein in the lot, these rights did not pass to the plaintiff under his will.
*46 As stated above, Arthur’s will makes no mention or reference to the cemetery lot; in general terms it gives to the plaintiff all his “ estate, real, personal or • mixed, of whatsoever kind and character and wheresoever situate.” Subdivision 6 of section 84 of the Membership Corporations Law provides as follows: “ provided, however, that no interest in any lot, plot or part thereof shall pass by any residuary or other general clause in a will and such interest shall pass by will only if the lot, plot or part thereof sought to be devised is specifically referred to in such will.” Self-evidently no interest in the cemetery lot devolved on the plaintiff under Arthur’s will, because of the omission of specific reference to the lot. It follows that the plaintiff has not, as she claims, succeeded to the rights of her late husband under his will.
Notwithstanding its challenge of the efficacy of Emma Swift’s renunciation in favor of Arthur Hammerstein, the defendant concludes its brief with the submission that “ only those persons designated by Arthur Hammerstein in the instruments filed by him with The Woodlawn Cemetery are presently entitled to be buried in said lot.” The plaintiff is one of the persons so designated and obviously the determination that she has not succeeded to Arthur’s rights in the lot in no way touches her own right to be buried therein in accordance with Arthur’s written designation. The agreed statement does not place this right in issue.
Indeed, if Emma Swift’s release and renunciation were effective to vest the rights in the lot in Arthur Hammerstein— a question now left undetermined — the plaintiff may have additional rights in the lot, not under his will, as she asserts, but right to possession, care and control under the following provision of subdivision 6 of section 84 of the Membership Corporations Law: “The surviving spouse of a deceased lot owner during his or her life and the owners from time to time of the deceased lot owner’s lot, plot or part thereof, shall have in common the possession, care and control of such lot, plot or part thereof.”
The defendant is referred to in the caption of this action “for Itself and for Those Similarly Situated as to Lot 14572 in Section 149 Thereof ’ ’. It is open to serious question whether this equivocal designation constitutes the defendant the representative of the descendants of Arthur Hammerstein. Inasmuch as these descendants are not affected adversely by my determination that Arthur’s will does not give the plaintiff such rights as he had in the cemetery lot, there is no need to consider that question.
*47 In view of the plaintiff’s possible further rights adverted to by me the present determination is without prejudice. The foregoing constitutes the court’s decision pursuant to section 440 of the Civil Practice Act.
Settle judgment.