[No. 44627. En Banc. January 12, 1978.]

CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, *Appellant,* v. KEN JOHNSTON, ET AL, *Respondents.*

*C. R. Lonergan, Jr.* (of *Siderius, Lonergan & Crowley*), for appellant.

*Don Herron, Prosecuting Attorney, Terrence F. McCarthy, Special Deputy,* and *Roger Miener, Deputy,* for respondents.

UTTER, J.—The Corporation of the Catholic Archbishop of Seattle appeals from a judgment limiting the amount of its property exempt from property taxation under RCW 84.36.030. It applied for exemption on the entirety of its Case Inlet property known as Camp Gallagher, amounting to over 300 acres of land in Pierce County. That property was not taxed for several years prior to 1973. However, in 1974, based upon 1973 use, respondent Pierce County

Assessor determined that all but 40 acres of the camp was subject to tax. The County Board of Equalization, upon application from the Corporation, granted an exemption for 196.75 acres but denied exemption for the remaining 118.16 acres. Upon appellant's appeal, first the Washington Board of Tax Appeals and then the Superior Court, sitting without a jury, affirmed the denial of exemption for the 118.16 acres. We affirm the Superior Court.

This appeal raises the issue of whether appellant Corporation's property can qualify for property tax exemption under the terms of the third unnumbered paragraph of RCW 84.36.030. Appellant claims exemption thereunder, without limitation as to acreage, asserting that Camp Gallagher qualifies for the exemption for "[p]roperty . . . owned by nonprofit organizations or associations engaged in character building of boys and girls under eighteen years of age . . ." The alternative, which respondent maintains is solely applicable, is the exemption under the second unnumbered paragraph[1] which exempts "[p]roperty owned by any nonprofit . . . denomination . . . which is utilized as a camp facility if exclusively and/or jointly used for organized and supervised recreational activities and church purposes as related to such camp facilities." The problem for appellant is that the exemption under this second paragraph is limited to a maximum of 200 acres.

It is well established in this state that "an exemption in a statute imposing a tax must be strictly construed in favor of the application of the tax and against the person claiming the exemption . . ." *In re All–State Constr. Co.,* 70 Wn.2d 657, 665, 425 P.2d 16 (1967). Further, "the burden of showing qualification for the tax benefit afforded . . . rests with the taxpayer. And, statutes which provide for [exemption] are, in case of doubt or ambiguity, to be construed strictly, though fairly and in keeping with the ordinary meaning of their language, against the taxpayer."

---

[1]Hereinafter the unnumbered paragraphs will be referred to by number for ease of identification.

*Group Health Cooperative v. State Tax Comm'n,* 72 Wn.2d 422, 429, 433 P.2d 201 (1967). This court already has explicitly recognized this rule and applied it to cases arising under the statute at issue in this case. *See Norwegian Lutheran Church of America v. Wooster,* 176 Wash. 581, 30 P.2d 381 (1934); *Pacific Northwest Conference of Free Methodist Church of N. America v. Barlow,* 77 Wn.2d 487, 463 P.2d 626 (1969).

The only issue which we reach is the applicability of paragraph 3 of RCW 84.36.030 under the facts of this case. Appellant asserts that it meets all requirements for exemption under that paragraph. This assertion is based upon claims that: (1) exemption under RCW 84.36.030 is solely a function of the use to which the property is put, without regard to who owns the property; and (2) even if ownership is relevant, appellant fits within the terms of ownership specified by paragraph 3. We find both of appellant's claims to be incorrect.

An examination of the relevant statutory language[2] clearly reveals the importance of both ownership and use in determining eligibility for exemption. Indeed, *each* paragraph of RCW 84.36.030 specifies that an exemption applies to "property *owned by*" particular organizations, as

---

[2]Paragraph 3 of RCW 84.36.030 states:

"Property, including buildings and improvements required for the maintenance and safeguarding of such property, owned by nonprofit organizations or associations engaged in character building of boys and girls under eighteen years of age, and solely used, or to the extent used, for such purposes and uses, provided such purposes and uses are for the general public good: *Provided,* That if existing charters provide that organizations or associations, which would otherwise qualify under the provisions of this paragraph, serve boys and girls up to the age of twenty–one years, then such organizations or associations shall be deemed qualified pursuant to this section. The rental of property otherwise exempt under this paragraph to another nonprofit organization or association engaged in character building of boys and girls under eighteen years of age or to a nonprofit church organization, a nonsectarian organization or association, or school or college exempt under this chapter, or to a public school for the use by the lessee for the purposes set forth in this paragraph shall not nullify the exemption provided for in this paragraph if the rental income is devoted solely to the operation and maintenance of the property;"

long as the property is *used* for specifically identified purposes. (Italics ours.) Two separate and independent criteria must be met prior to eligibility for exemption. The property must be *owned by* a qualifying organization, and it must be *used* for a qualifying purpose.

Earlier opinions of this court, construing previous versions of another portion of this statute, contain language which appears to single out use as the only important factor in exemption analysis. *See Norwegian Lutheran Church of America v. Wooster, supra; Wesley Foundation v. King County,* 185 Wash. 12, 52 P.2d 1247 (1935); *Pacific Northwest Conference of Free Methodist Church of N. America v. Barlow, supra.* The *Barlow* decision, though subsequent in time to the passage of a 1969 amendment to the statute, involved construction of the old form of the statute. Subsequent to these cases, the legislature has reemphasized the ownership requirement, replacing in the statute the words "property of" with "property owned by" in 1969. Laws of 1969, ch. 137, § 1. Further, the context in which these earlier statutory constructions were rendered was very different from the instant case. The case citing the use rule since the statutory change, *Yakima First Baptist Homes, Inc. v. Gray,* 82 Wn.2d 295, 510 P.2d 243 (1973), denied the exemption for other reasons and therefore did not consider the effect of that change. To the extent the earlier cases can be construed to hold that ownership should not be considered and that use alone governs the exemption, they are inconsistent with the present statutory scheme and are overruled.

██ Character of ownership is important to determination of the applicability of the exemption under paragraph 3 of RCW 84.36.030. In determining whether appellant's ownership meets the terms of the statute, it is apparent that the legislature has distinguished, in a later portion of paragraph 3, between "nonprofit organizations or associations engaged in character building" and a "non-

profit church organization" in the statement that "[t]he rental of property otherwise exempt under this paragraph to another nonprofit organization or association engaged in character building of boys and girls under eighteen years of age *or to a nonprofit church organization* . . . shall not nullify the exemption . . ." (Italics ours.) This distinction must be accorded significance. While the legislature distinguishes between "nonprofit organizations engaged in character building" and "nonprofit church organization", only the former are by express language granted exemption under paragraph 3. Broadening the term "nonprofit organizations engaged in character building" to include, within paragraph 3's exemption, nonprofit church organizations, renders the separate statutory reference to "nonprofit church organization" superfluous. Because construction of statutes which render portions of the statutory enactments superfluous must be avoided, the statute cannot be read that way. *Smith v. Greene,* 86 Wn.2d 363, 545 P.2d 550 (1976); *Cole v. State Util & Transp. Comm'n,* 79 Wn.2d 302, 485 P.2d 71 (1971). Therefore, appellant, though a "nonprofit church organization", is not a property owner eligible for exemption under paragraph 3.

Our conclusion is solidified by the necessity of construing tax exemptions narrowly. Appellant's qualification under paragraph 3 is at best uncertain and ambiguous, and ambiguities must be construed against the person claiming the exemption. Given a choice between broad construction and narrow construction of the exemption, we construe paragraph 3's provisions narrowly. Because there is no provision explicitly and clearly authorizing this exemption, it must be denied.

There are two separate criteria for exemption—ownership and use. Under the facts of this case, appellant cannot meet the ownership requirements for exemption under paragraph 3 of RCW 84.36.030 and there is no need to examine the use to which the property is put.

511

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.