[No. 44796. En Banc. February 9, 1978.]

EVERGREEN–WASHELLI MEMORIAL PARK COMPANY, ET AL, *Respondents*, v. THE DEPARTMENT OF REVENUE, *Appellant.*

*Slade Gorton, Attorney General,* and *Leroy E. Dreisbach, Assistant,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow,* by *Joseph D. Holmes, Jr.,* for respondents.

UTTER, J.—The Superior Court held that the business and occupation tax imposed by RCW 82.04.290 is inapplicable to the transfer, by certificate, of plots, crypts, and

niches for the interment of human remains, because such transfers are exempted, under RCW 82.04.390, as the sale of real estate. We reverse the trial court and hold that RCW 82.04.390 does not exempt respondents' transfers from taxation.

Respondents are cemetery, mausoleum, and columbarium companies. They transfer to the public plots, crypts, and niches in the form of "interment rights certificates." Other such companies transfer these locations for interment of human remains by means of a deed following the form generally used in real estate transactions. Appellant Department of Revenue has distinguished between transfer by certificate and transfer by deed, exempting the latter under the provisions of RCW 82.04.390 while asserting the taxability of the former. *See* WAC 458–20–154. When all parties agreed that there was no practical or functional distinction between transfer by certificate and transfer by deed, and that respondents transferred all rights and privileges legally permissible, the trial court concluded that the two forms of transfer should be legally indistinguishable. The court then held that respondents are entitled to the exemption which the Department of Revenue has allowed companies using the deed form of transfer to claim.

This distinction made by the State is not before us because this case involves *only* the taxability of transfer under the "interment rights certificates" which respondents use. We specifically refrain from passing upon the propriety of the distinction which WAC 458–20–154 establishes and do not evaluate the exemption as applied to companies using the deed form.

I

NATURE OF THE INTEREST TRANSFERRED

Respondents rely upon the terms and tenor of RCW 68.24 and 68.32 to establish the exempt character of their transfers. These statutes do include language and terms generally employed in transfer of interests of real estate; they describe a variety of rights granted to the owners of

plots, crypts, and niches, including rights of inheritance and alienation prior to interment.

■ Nevertheless, the transfer of an interest in interment property is not generally considered to be a transfer of the land itself, but only the sale of an interest similar to a license or a right to use for burial purposes. Despite certain characteristics similar to real estate transfers, transfers of interment property are highly regulated and the use to which interment property can be put is subject to unique restrictions which do not apply to "real estate" in the traditional and commonly understood sense.

The character of the interest inherent in the ownership of an interment right is peculiar to interment property and is difficult to describe. The reason for the difficulty, as well as a good description of the right, is set out in *Mansker v. Astoria,* 100 Ore. 435, 452, 198 P. 199 (1921):

> The right with which we are now dealing is in reality *sui generis,* for the reason that the places where the dead sleep are by all humankind treated as holy ground and by us are withdrawn from many of the rules which govern ordinary property; and, consequently, it is difficult to define or to describe such right when we use words which are usually employed in designating other rights possessing qualities in part similar and in part dissimilar to those inhering in the right of burial. One of the descriptions or definitions of the right of burial is as follows: The right of burial is a privilege or license to be enjoyed so long as the place continues to be used as a burial ground, subject to municipal regulation and control, and legally revocable whenever the public interest requires: . . .

*See also Hammerstein v. Woodlawn Cemetery,* 21 Misc. 2d 42, 194 N.Y.S.2d 385 (1960); *Schaefer v. West Lawn Memorial Cemetery,* 222 Ore. 241, 352 P.2d 744 (1960); *Messini v. LaRosa,* 337 Mass. 438, 150 N.E.2d 5 (1958); *Huse v. East China Township Bd.,* 330 Mich. 465, 47 N.W.2d 696 (1951).

Consistent with the nearly universal authority in this country, we hold that no fee interest and no interest in the

land itself is carried with a transfer of interment rights. By so doing, we are merely applying the rule which this court has already recognized in *Mausoleum Sales Co. v. Morgan,* 91 Wash. 617, 158 P. 255 (1916). The current statutory scheme does not require abandonment of this well–established principle because it evidences no specific intent to convert interment rights into normal real estate interests.

## II
### THE SCOPE AND APPLICABILITY
### OF THE EXEMPTION

RCW 82.04.390 exempts "proceeds derived from the sale of real estate" from the business and occupation tax. This statute does not expressly provide exemption for transfers of interment rights, but respondents assert that exemption is inherent or implied therein.

■ It may be possible to construe the exemption statute broadly yet rationally to conclude that respondent is entitled to the exemption. However, we cannot construe statutory exemptions from taxing laws broadly. It has been the strong policy of this court to construe such exemptions narrowly. *See Corporation of Catholic Archbishop of Seattle v. Johnston,* 89 Wn.2d 505, 573 P.2d 793 (1978) and cases cited therein. *Budget Rent–a–Car v. Department of Revenue,* 81 Wn.2d 171, 500 P.2d 764 (1972).

■ The lack of a specific exemption in RCW 82.04.390 for the unique right transferred by respondents is fatal to their claim. It is not clear that such transfers *must* be considered "the sale of real estate." As stated in *Corporation of Catholic Archbishop of Seattle,* at page 510, respondents' "qualification [under the exemption statute] is at best uncertain and ambiguous, and ambiguities must be construed against the person claiming the exemption." The exemption here does not encompass respondents' activity.

In light of another tax exemption applicable to respondents' activity, this result does not appear to be unfair. Indeed, granting the exemption here would provide respondents with an exceptionally advantageous position. RCW

28A.45.010 exempts the sale of interment facilities from the application of the tax upon real estate sales. Thus, if we were to allow respondents the exemption sought here, they would receive the best of both worlds: (1) not subject to the tax on "real estate sales", and (2) exempt from the business and occupation tax because respondents' activity constitutes "real estate sales."

Respondents' activity is not exempted from the business and occupation tax by RCW 82.04.390. The unique character of the interest transferred is not included within that statute under our narrow construction of its terms. Accordingly, we reverse the judgment of the trial court.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.