[No. 4746–II.   Division Two.   March 16, 1981.]

WASHINGTON INTERMENT ASSOCIATION, ET AL, *Appellants,*
v. THE DEPARTMENT OF REVENUE, *Respondent.*

*Richard A. Derham,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *William B. Collins, Assistant,* for respondent.

PEARSON, J.—The Washington Interment Association (a nonprofit trade association representing the interests of private cemeteries) and Acacia Memorial Park appeal a summary judgment granted to the Department of Revenue. The sole issue on appeal relates to the validity of WAC 458–20–154, which eliminates the distinction between sales or transfers of cemetery plots by deeds and those by interment rights certificates, for purposes of applying the state business and occupation (B and O) tax, RCW 82.04. We find the regulation to be a valid exercise of the rule–making authority granted to the Department of Revenue under RCW 82.01.060, and accordingly affirm the trial court.

Acacia Memorial Park is a private cemetery incorporated under RCW 68.20. It carries out the sale and transfer to individual purchasers of each cemetery plot by means of a warranty deed modeled after the form specified in RCW 64.04.030. Each sale and transfer is recorded in the plot ownership book that Acacia is required to maintain. RCW 68.24.170. Acacia uses this method of transfer as opposed to the certificate of interment rights used by some cemeteries. Such a certificate essentially grants the purchaser a license to be buried in the plot so long as the land is used for cemetery purposes. *Evergreen–Washelli Memorial Park Co. v. Department of Revenue,* 89 Wn.2d 660, 662, 574 P.2d 735 (1978).

Prior to 1978, the Department of Revenue distinguished for purposes of taxing between transfers by deed and transfers by certificate of interment rights; WAC 458–20–154 (hereinafter Rule 154) exempted the former under the

provisions of RCW 82.04.390 from paying a 1 percent B and O tax on all gross proceeds derived from the sale. RCW 82.04.290. On June 1, 1978, the Department amended Rule 154 to eliminate the distinction it previously created. Amended Rule 154 provides in part:

> Sales or transfers of plots, crypts, and niches for interment of human remains, irrespective of whether the document of transfer is called a deed or certificate of ownership, are charges for the right of interment, an interest similar to a license to use real estate, and the entire gross income therefrom is taxable under the service and other activities classification . . .

This regulation became effective July 1, 1978, and appears to have been prompted by the analysis of the Supreme Court in *Evergreen–Washelli*. Acacia and Washington Interment Association initiated this action, seeking to have Rule 154 as amended declared invalid as being violative of RCW 82.04.390, which exempts from the B and O tax all gross proceeds derived from the sale of real estate. The trial court granted the Department's motion for summary judgment, and this appeal ensued.

Our Supreme Court in *Evergreen–Washelli* held that under the 1959 version of Rule 154 those cemeteries transferring plots by interment rights certificates were not entitled to the B and O tax exemption established in RCW 82.04.390 for sales of real estate. The court applied the familiar rule that tax exemptions such as Rule 154 and RCW 82.04.390 are to be narrowly construed. *See Corporation of Catholic Archbishop v. Johnston,* 89 Wn.2d 505, 573 P.2d 793 (1978). It specifically refrained, however, from addressing the propriety of the distinction established in former Rule 154 between transfers by deed and transfers by certificate.

The propriety of this distinction is the precise issue presented here. If the distinction for taxing purposes is legitimate, then amended Rule 154, which abandons the distinction, would be invalid as an unauthorized amendment or modification of RCW 82.04.390. *See Pierce County*

*v. State,* 66 Wn.2d 728, 404 P.2d 1002 (1965).

In determining whether there is a valid basis for distinguishing between the two types of transfers, we disregard form for substance, and place our emphasis on the reality of the transaction for taxing purposes. *See Sauve v. K.C., Inc.,* 91 Wn.2d 698, 591 P.2d 1207 (1979). The rule in most jurisdictions is that a person who purchases and has conveyed to him a cemetery plot does not acquire fee title to the plot, but only a right to be buried there. 14 Am. Jur. 2d *Cemeteries* § 25 (1964). The interest acquired has been characterized as being *sui generis, Schaefer v. West Lawn Memorial Cemetery,* 222 Or. 241, 352 P.2d 744 (1960), and has been designated as an easement, a license, or a privilege. *Mansker v. Astoria,* 100 Or. 435, 452, 198 P. 199 (1921). *See Evergreen–Washelli,* at 662. This appears to be the rule our Supreme Court has adopted. In *Mausoleum Sales Co. v. Morgan,* 91 Wash. 617, 621, 158 P. 255 (1916), the court cites with approval the rule stated in *Roanoke Cemetery Co. v. Goodwin,* 101 Va. 605, 610, 44 S.E. 769, (1903), as follows:

> It is settled law that a formal deed is not essential to confer the exclusive right to the use of a lot in a cemetery on the purchaser for burial purposes; and, on the other hand, if the lot be conveyed by deed absolute in form, such purchaser only acquires the right or privilege of using the lot for the purpose to which it is dedicated.

*Mausoleum Sales Co.* was cited with approval by the Supreme Court in *Evergreen–Washelli,* at page 663.

The unique nature of cemetery property warrants treatment different from that accorded other real property. *See Mansker v. Astoria, supra.* Unlike other real property, every aspect of the title and rights to cemetery property is controlled by statute.[1] *See* RCW 68.24, RCW 68.32. Aside

---

[1] We are aware that statutory restrictions (*e.g.,* RCW 64.32—the Horizontal Property Regimes Act) and local land–use regulations limit some aspects of most all real property conveyances. However, the extensive statutory controls that have been placed on all aspects of cemetery property conveyances and ownership warrant its unique treatment.

from these statutory restrictions, the purchaser's property rights are further limited by such conditions and restrictions as the cemetery authority may adopt and include in the deed conveying the plot. RCW 68.24.110. The resulting right conveyed is essentially that conveyed by an interment rights certificate, *i.e.,* the right of burial in a place so long as the place continues to be used as a burial ground, subject to regulation and control, and revocable whenever a greater public interest requires. *Mansker v. Astoria,* at 452; *Evergreen–Washelli,* at 662.

██ In giving effect to the tax exemption established in RCW 82.04, the primary consideration is the intent of the legislature. *See International Paper Co. v. Department of Revenue,* 92 Wn.2d 277, 595 P.2d 1310 (1979). We would ordinarily give great weight to the Department's construction of the tax exemption. *Holland v. Boeing Co.,* 90 Wn.2d 384, 583 P.2d 621 (1978). In this case, however, both parties can claim the benefit of that rule, since the Department for many years preserved the distinction between transfers by deed and transfers by certificate of interment rights, and has now by rule destroyed the distinction. In these circumstances, we will look to the correctness of the ultimate rule as we interpret the exemption established by RCW 82.04. Because questions of statutory interpretation are ultimately for the courts, and tax exemptions should be narrowly construed, we hold that amended Rule 154 is a correct interpretation of the statute and a valid exercise of the Department's rule–making powers. *See Evergreen–Washelli Memorial Park Co. v. Department of Revenue, supra.*

We affirm.

REED, C.J., and PETRIE, J., concur.