[No. 7843–1–II.   Division Two.   August 1, 1986.]

DUNCAN CRANE SERVICE, INC., *Appellant,* v. THE DEPARTMENT OF REVENUE, *Respondent.*

---

*Judith A. Butler* and *Lukins & Annis,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Linda C. Krese, Assistant,* for respondent.

REED, J.—The Department of Revenue assessed use taxes against Duncan Crane Service, Inc., a lessor of construction cranes. The taxpayer paid the assessment and sought a refund. The trial court denied summary judgment to the taxpayer, and entered final judgment against it after stipulation by both parties that no issues of fact remained. The taxpayer appeals, and we reverse, holding that the regulation under which tax was assessed was ultra vires.

The facts in this case are undisputed. The taxpayer is a lessor of cranes. It has bought cranes from a supplier in Washington. It has in the past undertaken subcontracts for itself, and operated cranes in performance of subcontracts, but now merely leases cranes "bare" (that is, without an operator) or leases them on an hourly basis that includes the services of an operator. It did not pay retail sales tax (RCW 82.08.020) or use tax (RCW 82.12.020) when it purchased cranes, relying on the following construction of the excise tax statutes.

The retail sales tax applies to retail sales. RCW 82.08-.020. "Retail sale" is defined, through RCW 82.08.010(4), at RCW 82.04.050(1). There, an exemption is provided for "purchases for the purpose of resale as tangible personal

property in the regular course of business without intervening use by such person." RCW 82.04.050(1)(a). The same statute provides that "retail sale" "shall also include the renting or leasing of tangible personal property to consumers." RCW 82.04.050(4). Duncan maintained that because it purchased cranes only to rent to others, with no intervening use, it was entitled to this exemption from retail sales tax on its crane purchases.

However, if retail sales tax is not paid (RCW 82.12.0252), but a person uses within Washington "as a consumer any article of tangible personal property purchased at retail", he is liable for a use tax. RCW 82.12.020. "Consumer" is defined by reference to RCW 82.04. RCW 82.12.010(5). There, it means "[a]ny person who purchases, acquires, owns, holds, or uses any article of tangible personal property . . . other than for the purpose . . . of resale as tangible personal property in the regular course of business . . ." RCW 82.04.190(1).

Duncan believed that it was exempt from use tax for two reasons. If Duncan in the regular course of business leased (that is, "resold") the crane that it bought, it would not be a consumer, and therefore not be subject to the use tax. Similarly, if it did not purchase the cranes "at retail" because of the resale (that is, lease) exemption from the definition of "sale at retail," it would not be a consumer, and therefore not subject to the use tax. RCW 82.12.020.

In March 1982, an auditor of the Department of Revenue assessed a deficiency for use tax allegedly incurred from January 1, 1978, through December 31, 1981, because Duncan had used its cranes while "regularly engaged in the performance of crane services for others by providing equipment and crew." The auditor, relying upon excise tax regulation WAC 458–20–178, implementing the use tax statutes, determined that the lease–with–operator actually constituted a disqualifying "intervening use" by Duncan. That regulation required the conclusion that Duncan had actually bought the cranes at retail, because it could not satisfy the exemption for "a person who . . . purchases for

the purpose of resale . . . without intervening use". RCW 82.04.050(1)(a).

Duncan apparently first sought a departmental hearing on the assessment. The departmental determination upheld the auditor's assessment solely upon the ground that Duncan's leases with operators removed its purchases of any cranes that were then so leased, at any time, from the "resale exemption" from the retail sales tax and the use tax. The Department relied on both WAC 458–20–178 (Rule 178) and former WAC 458–20–211 ((former Rule 211); later amendment of WAC 458–20–211 is not relevant to this appeal).

Former Rule 211 defined "leasing" so as to exclude "rental agreements pursuant to which the owner or lessor operates the equipment or supplies an employee operator, whether or not such employee operator works under the supervision or control of the lessee." Similarly, Rule 178 provides that "[a] lessor who leases equipment with an operator is deemed a user and is liable for the tax on the full value of the equipment." The departmental administrative law judge dismissed Duncan's argument that these regulatory provisions exceeded the Department's statutory authority with only the conclusory assertion that

> any person who leases property with an operator is, thereby, submitting that property to its own use as a consumer. Such so–called leases (operated) are not really leases of equipment at all, either in the traditional sense or within the scope the intent [*sic*] of RCW 82.04.050 [that is, lease as constituting a resale without intervening use so as to show that the purchase of the equipment was not a retail sale].

Duncan paid the assessment and sought refund in the Thurston County Superior Court, immediately moving for summary judgment. Summary judgment was denied, and Duncan then entered into a stipulation that the denial of summary judgment left no issues of fact for the court to resolve. The court affirmed the tax assessment and denied the refund. Duncan appeals from both orders.

■ When there is no dispute as to facts found by an agency subject to the administrative procedure act and adopted by the reviewing superior court, the appellate court determines de novo the legal effect of the uncontroverted facts as a question of law. *Weyerhaeuser Co. v. Department of Rev.,* 16 Wn. App. 112, 114–15, 553 P.2d 1349 (1976). Because the facts were not in dispute in the trial court, we therefore make our own determinations of law on the question presented by Duncan.

■ We recognize first that Duncan is attempting to obtain the advantage of a statutory exemption from the sales and use taxes. An exemption in a revenue statute must be strictly construed in favor of taxation and against the claim of exemption. *Corporation of Catholic Archbishop v. Johnston,* 89 Wn.2d 505, 507, 573 P.2d 793 (1978). However, Duncan does not seek an interpretation of a *statute* that would work to its benefit; rather, it seeks a declaration of the *invalidity* of a *regulation* that purports to limit that exemption. However, in order to have the same force and effect as the excise tax statutes, a regulation adopted by the Department must be not inconsistent with those statutes. RCW 82.32.300. If a regulation taxes more broadly than does the statute it purports to implement, it is invalid. *Lone Star Indus., Inc. v. Department of Rev.,* 97 Wn.2d 630, 634, 647 P.2d 1013 (1982).

The Department of Revenue continues to defend the rule that a lease of equipment with an operator is an "intervening use" by the purchaser that renders the purchase a retail sale, without a resale exemption. However, we agree with Duncan that the gist of the Department's argument has been, at every stage of this dispute, the repeated, bald assertion that the regulations alone constitute authority for the Department's actions and that no court need look beyond the face of the regulations to determine their validity. The Department is mistaken.

We are referred to, and we independently find, no relevant authority outside Rule 178 and former Rule 211 for the prohibitions imposed. No rationale for the disputed

provisions in these rules has been advanced by the Department at any stage—auditor's assessment, departmental determination, opposition to Duncan's motion for summary judgment, or appeal. The Department does not offer even a plausible theory to justify its regulatory position, as it has attempted to do on other occasions, even if unsuccessfully. *Cf. Lone Star Indus., Inc.,* 97 Wn.2d at 632–33 (Department unsuccessfully argued that, when statute provided for an exemption for retail sale when property was purchased for the purpose of consuming it in producing a new article, the Department was acting consistently with the statute in requiring by regulation that the taxpayer must demonstrate that its *primary* purpose was to consume the purchased property).

Finally, we observe that the very regulations that the Department is attempting to impose on Duncan reveal how far outside the intent of the excise tax statutes the Department has strayed. Former Rule 211 provides in part:

The terms ["leasing", "renting" and "bailment"] do not include *rental agreements* pursuant to which the owner or lessor operates the equipment or supplies an employee operator, *whether or not such employee operator works under the supervision or control of the lessee.*

(Italics ours.) The regulation conceives that an entirely valid "rental agreement" may nevertheless not satisfy the resale exemption, because the drafters of the regulation were unconcerned with whether the parties to the rental agreement had arranged what the common law recognizes as a lease.

According to the usual definition, a lease is a "contract whereby one party gives to another the right to the use and possession of property for a specified time and, ordinarily, for fixed payments." *Gandy v. State,* 57 Wn.2d 690, 694, 359 P.2d 302 (1961). However, the Department was unimpressed with the fact that lessors give up a right to "the use and possession of property for a specified time" and categorically declared all leases with a particular characteristic not to be leases. The Legislature provided for a resale

exemption that included leases. The Department's regulations in this case contravene the legislative intent.

We can only speculate that the broad sweep of these challenged provisions is the result of a well intentioned attempt to prevent construction subcontractors from escaping sales and use taxes by recharacterizing their usual services as leases of equipment with operators. If this is the case, appropriately narrow regulations could be drafted for that purpose alone. However, the degree to which these provisions exceed their proper scope justified judgment for Duncan as a matter of law. We therefore reverse the denial of summary judgment to Duncan and the final order of the Superior Court, and remand for entry of summary judgment for Duncan on the ground that the disputed provisions of WAC 458–20–178 and WAC 458–20–211 were ultra vires.

WORSWICK, C.J., and ALEXANDER, J., concur.