[No. 37163. Department Two. January 13, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN REANO *et al., Respondents,* CHARLES WALLER *et al., Appellants.*\*

\*Reported in 409 P.2d 853.

*John Spiller,* for appellants.

*The Attorney General* and *Robert E. Lundgaard, Assistant,* for respondent.

BARNETT, J.†—In implementation of its freeway construction program, the State of Washington, exercising its powers of eminent domain, initiated a condemnation proceeding. An existing roadway, commonly called the East Valley Highway, runs in a north-south direction in the southern part of King County. Under the state's plan, a new road was to be constructed for the purpose of serving a residential community situated east of this highway. The proposed road, called here the frontage road, was to approach the East Valley Highway from the east, meeting it at a near right angle. To provide a convenient access onto the frontage road for vehicles traveling north on the East Valley Highway, the state planned the construction of an exit lane on the highway's right-hand, or eastern side. The construction of this exit lane involved the widening of the highway along its eastern border. The total land condemned in the entire proceeding included the right-of-way for the proposed frontage road and a 20-foot strip abutting the highway so it could be widened for the exit lane.

The trial commenced on February 11, 1963. The first day was devoted to a pretrial conference to determine the number of separate trials which would be needed for the various tracts. Of the several tracts involved in this condemnation proceeding, only two concern us here. Parcel 292-D lies to the immediate south of the proposed frontage road, and will become a "corner" lot as a result of the juncture of the frontage road and the East Valley Highway. This tract was owned by appellant Waller. Directly south of it, also abutting the East Valley Highway, was a tract owned by appellant Kent Development Company. This property is called Parcel 292-E.

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

At the pretrial conference, it was determined that separate trials would be held for Parcels 292-D and 292-E. For some reason not made clear to us, there was a discussion concerning whether the 20-foot strip to be taken by the state was to be considered along with one of these parcels or with the other. Mr. Spiller, counsel for both appellant Waller and appellant Kent Development Company, requested that the 20-foot strip adjoining Parcel 292-D be considered with that parcel, and that the 20-foot strip adjoining Parcel 292-E be considered with that parcel. The court so ruled. Thus the parcels were tried as separate units which included the 20-foot strip adjoining each.

The trial court sat without a jury. Following the trial on each parcel, it determined that the appellants Waller and Kent Development Company were entitled to no compensation. This determination was based on the finding that the "after value" of the properties exceeded the "before value." That is, the benefits accruing to Parcels 292-D and 292-E as a result of the state's improvements would more than offset the value of the property taken. Appeal is taken from these awards of no compensation.

Appellants first assign as error the trial court's determination that, as to Parcel 292-E, there was a remainder which could be benefited by the state's improvement. Evidence was admitted indicating that, at some time after the pretrial conference (where it was decided that Parcel 292-E would be considered as a separate unit, including the adjoining 20-foot strip) and before this tract was reached in the order of trial, a sale of Parcel 292-E was made. It appears that appellant Kent Development Company sold Parcel 292-E, *less the 20-foot strip*, to one Carpeneto. Appellants now contend that, as a result of this severance of the 20-foot strip from the rest of Parcel 292-E, *there was no remainder* which could be benefited by any improvement made thereafter by the state. This argument is tendered too late. The case was tried on the theory that Parcel 292-E and its adjoining 20-foot strip comprised one tract, to be adjudicated as a single unit. This was done at the insistence of counsel for appellants. At no time during the trial was

the court asked to try the case on another theory. Appellants failed to call to the court's attention that, insofar as a severance had occurred, a consideration of any benefit to a "remainder" might be improper.

■ This court will not review a case on a theory different from that on which it was presented at the trial level. Questions not raised in that court will not be considered on appeal. *Ledgering v. State,* 63 Wn.2d 94, 385 P.2d 522 (1963); *Wetherbee v. Gary,* 62 Wn.2d 123, 381 P.2d 237 (1963); *National Indem. Co. v. Smith-Gandy, Inc.,* 50 Wn.2d 124, 309 P.2d 742 (1957); *Capper v. Callahan,* 39 Wn.2d 882, 239 P.2d 541 (1952); *In re Farmers & Merchants State Bank of Nooksack,* 175 Wash. 78, 26 P.2d 631 (1933). The reason for the rule is that, if a party desires to rely upon some theory other than that upon which the case was tried, he must present it to the trial court so that a ruling thereon may be made and, if such ruling be adverse, he may have an opportunity to elect to stand on his theory or apply to the court to amend his theory and present some other one.

■ At the end of the presentation of the evidence, appellants moved for a judgment of compensation at $1.37 per square foot for the taking of the 20-foot strip adjoining Parcel 292-E. The motion was denied. The trial judge allowed appellants to advance further arguments after the denial of the motion. Appellants at this time argued that the special benefit valuation was improperly ascertained. At no time was the trial court's attention specifically directed to the point now raised, *i.e.,* that there was no remainder to be benefited. It cannot be said that appellants apprised the court of this theory of the case by making a naked motion for judgment supported by an argument regarding the method of evaluation. We have said that the precise point upon which appellant relies for reversal must have been brought to the attention of the trial court and passed upon. *Lally v. Graves,* 188 Wash. 561, 63 P.2d 361 (1936).

There is nothing in the record to show that appellants changed their theory of the action and presented the question to the court. Absent such a record, we will not presume that the issue was sufficiently presented to that court.

But, even assuming that a part of Parcel 292-E remained to be benefited, appellants argue, there was no evidence to support a finding that the taking in fact specially benefited this remainder. The state put an appraiser on the stand who testified that the "before" value of the parcel was approximately 40 cents per square foot, or $7,000; and that the "after" value of the remainder was $20,000. He testified that the latter figure was based on a sales price of $1.37 per square foot, for which price the property had been recently sold. There was further testimony that the parties to this sale, which was actually made during the pendency of the trial, had been well aware of the contemplated improvements by the state. It is appellants' position that, as a matter of law, this recent sales price should not have been considered in determining the after-take value of the remainder. Appellants cite no authority for this proposition.

The evidence of the sales price was received without objection. Hence, the propriety of its reception is not before us. There is no indication that the sale was not made for a fair open-market price. An officer of appellant Kent Development Company, the vendor of the parcel sold, testified to the fact of the sale. He related no circumstances of the sale which would detract from its relevancy and probative value. The trial court was entitled to consider it, along with the other facts and circumstances in the case, in determining the amount of special benefit accruing to the remainder as a result of the taking. There is additional testimony by the appraiser that, even without considering the recent sale, the parcel would have received special benefits.

Appellants also assign error to the trial court's determination that Parcel 292-D received special benefits exceeding the value of the property taken. Conflicting testimony was presented by the parties. We do not sit to retry factual issues. If there is substantial evidence to support the trial court's findings that the special benefits accruing to the remainders of Parcels 292-D and 292-E exceed the value of the property taken, those findings can-

not be disturbed here. *American Sheet Metal Works, Inc. v. Haynes, ante* p. 153, 407 P.2d 429 (1965); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The record reveals ample evidence to support these findings.

Judgment affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.