[No. 37885. Department Two. April 14, 1966.]

PAUL A. JOHNSON *et al., Respondents*, v. GUSTAV RAMSTAD *et al., Appellants*†

*Thor P. Ulvestad* and *Roy E. Jackson,* for appellants.
*Casey & Pruzan,* by *Carl Pruzan,* for respondents.

*Reported in 412 P.2d 780.

†Reported in 413 P.2d 348.

PER CURIAM.—This is an action in equity for the reformation of a legal description contained in a written real-estate sales contract, and for specific performance of the contract, as reformed.

Defendants Gustav and Sofie Ramstad, husband and wife, were the owners and occupiers of a large parcel of land in King County, Washington, which was bounded on the north by North 200th Street and on the south by the shoreline of Echo Lake. Plaintiffs, three physicians, negotiated with defendants for the purchase of this property, upon which they hoped to build a clinic. The negotiations were conducted through a broker, one Helmersen. The parties agreed upon a purchase price of $65,000. An earnest money agreement was prepared, in which a space for the legal description was left blank, and Helmersen took this document to the residence of defendants for its execution. Responding to Helmersen's request for a legal description of the property, defendant husband produced a platted document which described the property as *Tract 30 and East ½ of Tract 29, Echo Lake Park.* Helmersen inserted this legal description in the written contract, which was thereafter executed by all parties.

It was later discovered that the full and complete legal description of the property owned by defendants, and which plaintiffs allege they intended to purchase, contained, *in addition* to the above description, the words: *"Together with that portion of vacated Lake Avenue adjoining."* (Italics ours.) The property description in the contract as originally written did not include the strip of land immediately fronting the lake. Plaintiffs claim to have purchased down to the shoreline; defendants disclaim an intention to sell the lakefront strip.

The trial court found that, as the result of a mutual mistake, an incomplete legal description was inserted in the written contract, and that the parties intended a sale of the entire parcel, including the lakefront strip. Reformation and specific performance were decreed.

Defendants here argue that there was insufficient evidence from which it could be found that they had intended to sell the entire parcel, or that they had been aware of plaintiffs' desire to purchase same.

We have examined the record. It abounds with evidence supporting the findings of the trial court. Where findings are supported by substantial evidence they cannot be disturbed here. *State v. Reano*, 67 Wn.2d 768, 409 P.2d 853 (1966).

Judgment affirmed.