[No. 48701-4.   En Banc.   July 21, 1983.]

THE DEPARTMENT OF REVENUE, *Appellant,* v. SCHAAKE PACKING COMPANY, INC., *Respondent.*

Kenneth O. Eikenberry, Attorney General, and Leland T. Johnson, Assistant, for appellant.

Perkins, Coie, Stone, Olsen & Williams, by John H. Binns, Jr., for respondent.

DOLLIVER, J.—Schaake Packing Company, Inc. (Schaake) owns and operates feedlots and a slaughterhouse in Ellensburg. Schaake pays a business and occupation tax on its slaughtering activities pursuant to RCW 82.04.260(7), which provides for the imposition of the tax:

Upon every person engaging within this state in the business of slaughtering, breaking and/or processing perishable meat products and/or selling the same at wholesale; as to such persons the tax imposed shall be equal to the gross proceeds derived from such sales multiplied by the rate of thirty–three one–hundredths of one percent.

Schaake also owns a feed mixing facility where feed is received and mixed for its feedlot operations. At the feed mixing facility, Schaake receives various types of grain which it mixes and stores. The mixed grains are run through a roller mill to break the shell or husk of the grain as a digestive aid. The grains are blended with molasses, roughage, alfalfa pellets, and other feed additives including vitamins, minerals, and antibiotics. The processed grain is trucked to the feedlots and mixed with corn silage or chopped hay. The mixture is conveyed directly from the trucks into mangers at the feedlot.

This case arose from the attempt by the State Department of Revenue (Department) to tax Schaake's feed mixing facility. On February 7, 1978, the Department assessed a manufacturing business and occupation tax deficiency against Schaake for $52,258, exclusive of interest. The Department reasoned that the feed mixing facility was engaged in manufacturing as defined in RCW 82.04.110 and 82.04.120. Therefore, it determined Schaake's feed mixing facility was subject to the business and occupation tax established in RCW 82.04.240. The Department calculated the amount of the deficiency based on the value of the feed

mixture produced at the feed mixing facility.

Schaake appealed the Department's deficiency determination to the Board of Tax Appeals (Board). On January 4, 1980, the Board reversed the Department. The Board concluded Schaake's feed mixing facility was engaged in "manufacturing" of feed, but that the feed mixing activity was incidental to Schaake's principal business activity of slaughtering and wholesaling of beef. Since Schaake's slaughtering activity is taxable under RCW 82.04.260(8) (perishable meat products processors and wholesalers) and not under RCW 82.04.240 (manufacturers), the Board characterized the slaughtering activity as nonmanufacturing. Therefore, the Board determined Schaake's feed mixing activities were manufacturing incidental to a business characterized as nonmanufacturing, and exempt from taxation under WAC 458-20-136. The Board, however, rejected Schaake's alternative argument that its feed mixing activity was exempt from the business and occupation tax because of the statutory agricultural exemption. *See* RCW 82.04-.330.

The Department filed a petition for judicial review of the Board's decision with the Thurston County Superior Court. The Superior Court affirmed the decision of the Board. The Department appealed this decision to the Court of Appeals. Schaake cross–appealed, arguing the Board improperly rejected its argument the feed mixing facility qualified for the agricultural exemption of RCW 82.04.330. We accepted certification of the case from the Court of Appeals. *See* RCW 2.06.030(d). We agree with Schaake that its feed mixing activity is exempt from the business and occupation tax because of the agricultural exemption in RCW 82.04-.330. Since we find Schaake is entitled to the agricultural exemption, it is unnecessary to rule on whether Schaake's slaughtering activities were nonmanufacturing and whether the feed mixing activities were manufacturing incidental to a nonmanufacturing activity and thus exempt from taxation under WAC 458-20-136. Thus, although we affirm the decision of both the Board and Superior Court, we do so on

different grounds.

RCW 82.04.330, which exempts agricultural activities from the business and occupation tax, provides the tax

> shall not apply to any person in respect to the business of growing or producing for sale upon his own lands or upon land in which he has a present right of possession, any agricultural or horticultural produce or crop, including the raising for sale of any animal, bird, or insect, or the milk, eggs, wool, fur, meat, honey, or other substance obtained therefrom, or in respect to the sale of such products at wholesale by such grower, producer, or raiser thereof.

The exemption does not apply, however,

> to any person . . . using such products as ingredients in a manufacturing process; nor to the sale of any animal or substance obtained therefrom by a person in connection with his business of operating a stockyard or a slaughter or packing house . . .

RCW 82.04.330. In its order rejecting the claim of an agricultural exemption, the Board engaged in no analysis of the issue but simply recited the position of the Department that the exemption does not apply because of the limitation on the exemption found in RCW 82.04.330.

As previously mentioned, RCW 82.04.260(7) imposes a business and occupation tax on those engaged in slaughtering animals and processing and selling perishable meat products. Schaake concedes the so-called agricultural exemption does not apply to the "*sale* of any animal or substance obtained therefrom by . . . a stockyard or a slaughter or packing house". Schaake maintains, however, that its feed mixing facility is engaged in "the business of *growing or producing*" rather than selling agricultural products. (Italics ours.) Accordingly, Schaake argues that its feed mixing activities fall squarely within the agricultural exemption of RCW 82.04.330.

The Department puts forth a twofold argument in resisting the position of Schaake. First, the argument for exemption depends upon Schaake divorcing its feedlot operation from its slaughterhouse and packing operation. The

Department maintains, however, that Schaake's operations are integrated. Second, RCW 82.04.330 withholds the exemption from "any person . . . using such product as ingredients in a manufacturing process". According to the Department, a "manufacturing process" is precisely the process in which Schaake's feed mixing facility is engaged.

As Schaake points out, the fact it has an integrated operation has nothing to do with the statute. This concept is not mentioned in RCW 82.04.330. In its own rules, the Department does not make integration a controlling factor. Under WAC 458–20–210 (Rule 210) a farmer raising animals who sells the animals or meat from the animals wholesale to a butcher would not be taxed while a sale on the same items at retail would be taxable. Neither the integration of the operation nor its size is relevant. It is the scope of the statute which is important. As shown by Rule 210, the Department has construed RCW 82.04.330 exactly as Schaake does. If the Department feels large scale packinghouse operations should be brought within the ambit of the statute, it should consult the Legislature rather than tax Schaake under principles which it fails to follow under its own regulations (Rule 210).

The second argument advanced by the Department is simply a misreading of the statute. The word "products" does not refer to the feed which may have been used in the "raising for sale of any animal, bird, or insect, or the milk, eggs, wool, fur, meat, honey, or other substance obtained therefrom". Rather, "products" refers to the actual items raised for sale. We hold the analysis suggested by Schaake to be the fair and proper reading of the statute and reject the tortured analysis of the Department.

We reiterate our strong policy of narrowly construing exemptions to the business and occupation tax. *E.g., Evergreen–Washelli Mem. Park Co. v. Department of Rev.,* 89 Wn.2d 660, 663, 574 P.2d 735 (1978); *Corporation of Catholic Archbishop v. Johnston,* 89 Wn.2d 505, 507, 573 P.2d 793 (1978); *Crown Zellerbach Corp. v. State,* 45 Wn.2d 749, 757, 278 P.2d 305 (1954). As we have repeatedly

stated, "[t]axation is the rule and exemption is the exception." *Budget Rent–A–Car, Inc. v. Department of Rev.,* 81 Wn.2d 171, 174, 500 P.2d 764 (1972); *e.g., Fibreboard Paper Prods. Corp. v. State,* 66 Wn.2d 87, 91, 401 P.2d 623 (1965); *Crown Zellerbach Corp. v. State, supra.* We find that Schaake sustained its burden of showing its activity qualifies for the agricultural exemption. *See Budget Rent–A– Car, Inc. v. Department of Rev., supra; Crown Zellerbach Corp. v. State, supra.*

Although we affirm the decision of the Board, we do not agree with its position on the agricultural exemption. We hold Schaake's feed mixing operation qualifies for the agricultural exemption to the business and occupation tax and that Schaake is not liable for the business and occupation tax under RCW 82.04.240 on its feed mixing facility.

Affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.