[No. 9994-2-II. Division Two. November 17, 1987.]

C. THOMAS BRIGGS, ET AL, *Respondents,* v. PATRICK THIELEN, ET AL, *Respondents,* DAIRYLAND INSURANCE COMPANY, *Appellant.*

W. *Matt Murray* and *Murray, Dunham & Murray,* for appellant.

*William G. McGillin* and *Casey, Gordon & McGillin,* for respondents Briggs.

*William R. Hickman* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondents Thielen.

WORSWICK, J.—C. Thomas Briggs bought a motorcycle and asked his insurance man, Patrick Thielen, to procure insurance for it. Thielen placed the business with Dairyland Insurance Company. Briggs sent his wife to Thielen's office to sign the insurance application, where Thielen also presented and she signed a rejection of underinsured motorist coverage. How this came about is disputed. Mrs. Briggs claimed that she thought her husband had discussed this coverage with Thielen and had decided to reject it; Briggs claimed that there was no such discussion. Thielen said that he always discusses this with his customers, but that he did not remember a specific discussion with Briggs. No such coverage was included in the policy.

While riding the motorcycle, Briggs was injured in a collision with an underinsured driver, whose insurance limits were inadequate to cover Briggs' damages. Briggs brought this action under the Consumer Protection Act (RCW 19.86) upon Dairyland's refusal to extend underinsured coverage to Briggs, contending that both Dairyland and Thielen had committed unspecified CPA violations.[1] Ultimately, one trial judge held that the rejection signed by Mrs. Briggs was ineffective and therefore that Briggs had

---

[1]Although it makes no difference to the outcome, it is difficult for us to understand Briggs' reasoning in bringing the action in this form, and particularly so as to Dairyland. His complaint fails to enlighten us.

underinsured coverage. Dairyland appeals this ruling. A second trial judge dismissed Briggs' claim against Thielen; Briggs appeals this second ruling. We affirm the order dismissing the claim against Thielen and reverse the order holding that Briggs has underinsured motorist coverage.

The dispositive issue is whether RCW 48.22.030 requires underinsured motorist coverage for a motorcycle that is insured under the liability coverage of a policy, absent a written rejection of underinsured coverage. We hold that it does not.

RCW 48.22.030(2) provides, in relevant part:

> No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit–and–run motor vehicles, and phantom vehicles because of bodily injury, death, or property damage, resulting therefrom, *except while operating or occupying a motorcycle or motor–driven cycle, and except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy . . .*

(Italics ours.) RCW 48.22.030(4) essentially provides that such coverage is not required if rejected in writing.[2] The record is silent as to Thielen's understanding of the law, but presumably he either thought that underinsured coverage was mandatory for motorcycles or he was not sure, and therefore he believed that a written rejection was required

---

[2]We have worked with the statutory text as amended through Laws of 1985, ch. 328, because the language that concerns us was the same at the time of the transaction involved here. However, the text has been amended several times since its introduction in Laws of 1967, ch. 150. *See* Laws of 1980, ch. 117; Laws of 1981, ch. 150; Laws of 1983, ch. 182.

before this coverage safely could be omitted from a policy.

Dairyland contends that RCW 48.22.030(2) contains two distinct exceptions to mandatory underinsured coverage: (1) motorcycles, and (2) other motor vehicles that have no liability coverage under the policy. Briggs contends that the language of the statute indicates that motorcycles are excepted only when they are not included under the liability coverage of the policy. He argues that *Sowa v. National Indem. Co.,* 102 Wn.2d 571, 688 P.2d 865 (1984) and *Farmers Ins. Co. v. Clure,* 41 Wn. App. 212, 702 P.2d 1247 (1985) support his position. We agree with Dairyland.

Neither *Sowa* nor *Clure* squarely dealt with the issue. Both cases involved motorcycle accidents and each opinion held that uninsured/underinsured coverage was not available to the claimant. In *Sowa,* the motorcycle was not insured for liability coverage under the policy. The trial judge read the exception language somewhat as does Briggs, and concluded that there was no underinsured coverage because there was no liability coverage for the motorcycle. The Supreme Court agreed. It did not focus closely on the statutory language and thus failed to notice that there are two distinct exceptions, not one. The court's analysis could have, and probably should have, been sharper, but this was not necessary to its holding, and the deficiency does not make the case authority for Briggs' position.

Similarly, *Clure* involved a motorcycle that had been excluded from all coverage under the policy in question. Most of the analysis in the opinion has to do with the validity of exclusion clauses. The brief reference to mandatory coverage exceptions under RCW 48.22.030 and the cite to *Sowa* are in the way of dicta or afterthoughts.

But for the presence in RCW 48.22.030(2) of one comma and one word, the two distinct exceptions would appear with such clarity as to permit no dispute. Nevertheless, such dispute as exists is quickly settled by principles of statutory construction.

For clarity of analysis, we extract the exceptions language, add bracketed numbers, and bracket the trouble-

some comma and word, as follows:

> ▇ except while operating or occupying a motorcycle or motor–driven cycle, and [2] except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member[, and] which is not insured under the liability coverage of the policy.

The interpretation urged by Briggs would result in a strained construction, a consequence that should be avoided in interpreting a statute. *Fred J. Moore, Inc. v. Schinmann,* 40 Wn. App. 705, 711, 700 P.2d 754 (1985); *State v. Leek,* 26 Wn. App. 651, 656, 614 P.2d 209, *review denied,* 94 Wn.2d 1022 (1980). Motorcycles are motor vehicles. *See* RCW 46.04.330; *State v. McGary,* 37 Wn. App. 856, 683 P.2d 1125, *review denied,* 102 Wn.2d 1024 (1984). Therefore, a reference to motorcycles along with other motor vehicles would be superfluous unless the Legislature intended to create two exceptions. Moreover, had the Legislature intended to mention motorcycles in the same exception with other motor vehicles, it could have done so directly: *e.g.,* "except motorcycles and motor vehicles . . ." It did not; rather, it used the same full form of language in the motorcycle clause as in the motor vehicle clause. We must assume that the Legislature did not intend to use superfluous language. *In re Marriage of Gimlett,* 95 Wn.2d 699, 703, 629 P.2d 450 (1981); *State v. Lodge,* 42 Wn. App. 380, 389, 711 P.2d 1078 (1985), *review denied,* 105 Wn.2d 1021 (1986). It intended, instead, to create two distinct exceptions. Finally, it seems apparent that the qualifying language "and which is not insured" refers only to the last antecedent, "motor vehicle", and not to the preceding antecedent, "motorcycle". *Caughey v. Employment Sec. Dep't,* 81 Wn.2d 597, 602, 503 P.2d 460, 56 A.L.R.3d 513 (1972); *Davis v. Gibbs,* 39 Wn.2d 481, 483, 236 P.2d 545 (1951); *State v. Lodge, supra.* Indeed, it would be absurd to conclude otherwise. An exception to mandatory underinsured coverage for a "motor vehicle owned or available for the regular use by the named insured . . .", without the

qualifying language, would defeat the entire purpose of the statute, for such an exception would be so broad as to exclude virtually all mandatory coverage. On the other hand, the exclusion from mandatory coverage of a single type of motor vehicle, a motorcycle, has but limited effect.

Briggs concedes, as he must, that if motorcycles are excepted from mandatory underinsured motorist coverage, his claim against Thielen must fail. This is so because if such coverage is not mandatory, no rejection of coverage is required, and Thielen's acts or omissions in this regard are irrelevant.

The order dismissing Briggs' claims against Thielen is affirmed. The order establishing that Briggs had underinsured motorist coverage under the Dairyland policy is reversed.

REED, C.J., and PETRICH, J., concur.

Reconsideration denied January 6, 1988.

Review denied by Supreme Court April 5, 1988.