[No. 12631–1–II.   Division Two.   August 14, 1990.]

DEACONESS MEDICAL CENTER, ET AL, *Respondents*, v.
THE DEPARTMENT OF REVENUE, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *John M. Gray, Assistant,* for appellant.

*Randall L. Stamper, Raymond G. Dodge, Jr.,* and *Stamper & Taylor,* for respondents.

WORSWICK, J.—Some 38 hospitals are arrayed against the Department of Revenue in this case. The hospitals claim exemption from sales or use taxes on certain substances and machines because of the statutory exemptions for prescription drugs and prostheses. RCW 82.08.0281, 82.12-.0275, 82.08.0283, 82.12.0277. The Department's initial deficiency assessments for these taxes were affirmed by its Interpretation and Appeals Division and, on the hospitals' appeal, by the Board of Tax Appeals. The Superior Court reversed, and the case is here on the Department's appeal.

Many details have been shed along the way. Remaining at issue here are only lab reagents and nutrition products[1] in the prescription category, and heart–lung machines in the prosthesis category. We affirm the Superior Court on the prescription issue and reverse it on the prosthesis issue.

The Board ruled that reagents and nutrition products were within the statutory class of prescription items, but were not exempt because the hospitals did not show separate charges to the patients for these items. It held that the heart–lung machines were not prostheses because they only temporarily fulfilled a body function. Reversing the Board, the Superior Court held that the prescription exemption did not turn on proof of sale to a patient, and that permanent replacement of a body function was not necessary to qualify an item as a prosthesis.

The Department directly contests the Superior Court's prosthesis ruling, but it does not directly challenge the prescription issue ruling. Instead, it contends here for the first

---

[1]Reagents are used to analyze body fluids for diagnostic purposes. Nutrition products are liquid diets formulated to provide balanced nutrition as a sole source of nourishment.

time that reagents and nutrition products are not prescription items. We hold that the Department's appeal on the prescription issue is foreclosed by the doctrine of invited error. We hold that heart–lung machines simply do not qualify for exemption under the statute.

The Department's position at every stage of this litigation has been that reagents and nutrition products were prescription items.[2] Its only argument was that the exemption was unavailable for want of proof that the items were resold to patients. The Department's Interpretation and Appeals Division stated in its final determination:

> We do not dispute that laboratory reagents may be drugs or other substances which are generically classified as "prescription" items. Also, they are used by hospitals in the diagnosis, treatment, and prevention of disease and ailments in humans. However, at the time of their purchase by hospitals from suppliers they are not prescribed for any person or any purpose. *Moreover, they are admittedly not purchased for resale to any person.* For these reasons the criteria of the statutes for tax exemption are not met.

(Italics ours.) Regarding nutrition products, the final determination stated:

> If any portion of [nutrition products] are sold outright to patients or administered to patients, *by prescription,* hospitals need not collect sales tax upon the identifiable charges to patients for such things and may receive a refund of any sales or use tax paid by the hospitals on such items.

(Italics ours.)

The Department never contended that the exemption should be denied because the items were not administered to patients by prescription. Its position is reflected in the following portion of the final determination:

> The conclusions contained in this Final Determination may result in some entitlement to either corrections of tax assessments or tax refunds in some specific hospitals' cases, regarding . . . nutrition products. The burden rests exclusively with each individual hospital *to show that it has made identifiable charges to patients for these things.*

---

[2]The hospitals did not specifically adduce evidence before the Board to show that these were prescription items, obviously because the Department had already conceded the point.

(Italics ours.) Before the Board, the Department framed the issue as follows:

> Whether the hospitals have qualified for the sales and use tax exemption granted to prescription drugs when they have not shown that both [sic] a drug is prescribed and sold to a patient?

While the issue as framed by the Department refers both to "prescription" and "sale" requirements, the record shows mention of the prescription requirement only in passing. The main focus always concerned the existence of a documented sale.

■ In its memorandum before the Board, the Department characterized the final determination as follows:

> In its determination, the Department *agreed* that specific nutrition products such as Osmolite and Ensure constituted "other substances other [sic] than food for . . . cure, mitigation, treatment . . . of disease . . ." *which are prescribed by a pharmacist or practitioner.*

(Italics ours.) Also from the Department's Board memorandum:

> The Department in its determination *agreed* that reagents, in the form of either drugs or other substances, would be considered prescription items. However, *the reagents do not satisfy the requirement for the prescription drug exemption because the reagents are not resold to the patient.*

(Italics ours.) The Department further stated its position to the Board as follows:

> We *do not particularly contest the fact* that the drugs might, in a medical sense, all be termed prescription drugs in the sense that one simply cannot obtain these over the counter, that is not the issue. . . . Where, if the hospitals have separate line items, a sale of a prescription drug, *and of course, provides proof that it was made pursuant to a prescription,* the department has allowed the sale.

(Italics ours.) Finally, the Department proposed and the Board adopted the very finding of fact that it now challenges:

> [L]aboratory reagents, and nutrition products may be administered to a patient only upon the written prescription of a physician, or upon an oral prescription that is subsequently reduced to writing.

It also proposed the following conclusion of law, which was substantially adopted by the Board:

[L]aboratory reagents, and nutrition products *which would otherwise qualify as prescription items* are not entitled to the prescription drugs exemption because there is no separate line item proving resale to patients.

(Italics ours.) A more perfect example of invited error cannot be imagined. We will not consider the Department's new position on prescription items. *Davis v. Globe Mach. Mfg. Co.,* 102 Wn.2d 68, 77, 684 P.2d 692 (1984); *Western Nat'l Assur. Co. v. Hecker,* 43 Wn. App. 816, 821, 719 P.2d 954 (1986).

In proceedings before the Board and the Superior Court, the prosthesis issue has involved a war of conflicting dictionary definitions, in which the main skirmish has revolved around whether a heart–lung machine "replaced" an organ of the body, and whether the replacement, if any, is permanent or temporary. The Department argued that only permanent replacements qualify as prostheses; the trial court held that permanence is not required. We need not venture into this conflict, for application of the statute exempting prosthetic devices does not turn on whether an item is a prosthesis, for not every prosthesis is exempt and the machines in question, even if prostheses, do not qualify for exemption.

RCW 82.08.0283 provides, in relevant part:

**Exemptions—Sales of . . . prosthetic and orthotic devices,** . . . The tax levied by RCW 82.08.020 shall not apply to sales of . . . prosthetic . . . devices prescribed for an individual by a person licensed under chapters 18.25, 18.57, or 18.71 RCW or dispensed or fitted by a person licensed under chapter 18.35 RCW . . .

There is no need to construe or interpret a statute when its language is plain. *Northwest Steel Rolling Mills, Inc. v. Department of Rev.,* 40 Wn. App. 237, 240, 698 P.2d 100, *review denied,* 104 Wn.2d 1006 (1985); *Bernstein v. State,* 53 Wn. App. 456, 460, 767 P.2d 958, *review denied,* 112 Wn.2d 1024 (1989). Statutory words are to be given their ordinary meaning. *Pacific Northwest Alloys, Inc. v. State,*

49 Wn.2d 702, 306 P.2d 197 (1957). A statute must be construed to avoid strained results or absurd consequences. *Briggs v. Thielen,* 49 Wn. App. 650, 654, 745 P.2d 523 (1987), *review denied,* 110 Wn.2d 1020 (1988). Tax exemptions must be construed narrowly, and the burden of establishing the exemption falls on the taxpayer. *Department of Rev. v. Schaake Packing Co.,* 100 Wn.2d 79, 83, 666 P.2d 367 (1983). Reading RCW 82.08.0283 in light of these construction principles, we conclude that the heart–lung machines simply do not come within the exemption.

▮ The record shows that heart–lung machines are sold only to hospitals, not to patients. They become part of the hospitals' surgical equipment, used routinely in all surgical procedures involving the heart and lungs. The machines are not sold to a hospital because they have been prescribed for an individual, and they are not sold to patients at all. Indeed, their use is not "prescribed" in the common medical meaning of the word, let alone prescribed for or dispensed to an individual by any of the practitioners identified. *Webster's Third New International Dictionary* 1792 (1966).[3] The hospitals have failed to show that these machines qualify for the exemption because they are prescribed for the particular use of specific individuals.

The Superior Court's order concerning prescription items is affirmed; its order concerning prostheses is reversed.

ALEXANDER, C.J., concurs.

PETRICH, J. (concurring in part, dissenting in part)—I concur in the majority opinion's decision that the Superior Court's order regarding prostheses must be reversed. However, I do not agree with the majority opinion regarding prescription items, and I dissent.

The majority opinion concludes that the Department invited error by contending "for the first time that reagents

---

[3]RCW 82.08.0283 refers to chiropractors (RCW 18.25), osteopaths (RCW 18.57), physicians (RCW 18.71), and hearing aid dispensers (RCW 18.35).

and nutrition products are not prescription items." Majority, at 784–85. I believe this conclusion partially misstates both the Department's argument before this court and the Department's positions in the prior proceedings.

The majority correctly notes that the Department's argument here, which claims the Superior Court erred on the nutrition products issue because there was no evidence that such products were prescribed is inconsistent with its position in the prior proceedings:

> We agree that the nutrients in question . . . do constitute "other substances other than food . . . ." Thus, they are prescription drugs by statutory definition. They must be sold to patients . . . exempt of sales or use tax . . . when the charges for such things are clearly identifiable on patients' billings.

Final Determination 86–199.

> The nutrition products would be entitled to the prescription drug exemption if they are resold to patients by clearly identifiable charges.

Department's Hearing Memorandum before the Board of Tax Appeals.

> Nutrition products are not exempt because there is no separate line item proving resale to patients . . . The nutrition products would be entitled to the prescription drug exemption if they are resold to patients by clearly identifiable charges.

Department's Trial Brief before the Superior Court.

It is well established that the appellate court will not review a case on a theory different from that which was presented at the trial level. *State v. Reano,* 67 Wn.2d 768, 771, 409 P.2d 853 (1966). As explained below, we are reviewing the decision of the Board of Tax Appeals de novo. There is no reason why the same rule should not apply to our review of the administration agency's decision. Therefore, I concur in the majority's decision that the Department is not entitled to its present challenge of the Superior Court's reversal of the Board's conclusion regarding nutrition products, and that the Superior Court's order must be affirmed. I do not agree, however, that the same is true of the Department's position regarding laboratory reagents.

The Department's argument before this court is that the Superior Court erred because there was no evidence that reagents are prescribed. While this was not the Department's only position in the prior proceedings, it was presented in those proceedings:

> We do not dispute that laboratory reagents may be drugs or other substances which are generically classified as "prescription" items . . .. However, at the time of their purchase . . . they are not prescribed for any person or any purpose. Moreover, they are admittedly not purchased for resale to any person.

Final Determination 86–199.

> [R]eagents do not satisfy the requirement for the prescription drug exemption because the reagents are not resold . . . [Moreover] the reagents are not entitled to the exemption because when purchased by the hospital . . . they are not prescribed . . . for any person. The exemption for prescription drug is only for the patient.

Department's Hearing Memorandum before the Board of Tax Appeals.

It is true that the Department limited its argument before the Superior Court to the issue of resale:

> Laboratory reagents do not qualify for the exemption because they are not resold to patients . . . If a reagent were to be resold to patients for an identifiable charge, then the reagent would be exempt from tax.

Department's Trial Brief before the Superior Court.

However, this "change" of position before the Superior Court is irrelevant to our consideration of the Department's appeal because of the de novo nature of appeals taken from decisions of the Board of Tax Appeals:

> As this matter came before the Board of Tax Appeals for a formal hearing, judicial review of the Board's decision is governed by RCW 34.04.130 and 34.04.140. RCW 82.03.180. Review is on the record of the administrative tribunal itself, not of the superior court. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 323–24, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983). Issues of law are reviewed under the "error of law" standard of RCW 34.04.130(6)(d). *Sellers,* at 325. This standard "allows the reviewing court to essentially substitute its judgment for that of the administrative body, though

substantial weight is accorded the agency's view of the law."
*Sellers*, at 325.

*United Parcel Serv., Inc. v. Department of Rev.*, 102
Wn.2d 355, 359–60, 687 P.2d 168 (1984).

Because this court's review is of the decision of the Board
of Tax Appeals, not the decision of the Superior Court, the
position taken by the Department before the Superior
Court is irrelevant to the position taken by the Department
before this court. The Department's position before this
court, that reagents do not qualify for the prescription drug
exemption because they are not prescribed, was included in
the Department's position before the Board. Therefore, I
dissent from the majority's conclusion that the Department
invited any error as to reagents.[4]

I conclude that the issue of whether reagents are subject
to the prescription drug exemption is properly before this
court. Both the sales tax exemption, RCW 82.08.0281, and
the use tax exemption, RCW 82.12.0275, employ the same
definition for "prescription drugs." After excluding some
substances from the exemption, the definition requires that
all other substances must be:

> ordered by (1) the written prescription to a pharmacist by a
> practitioner authorized . . ., or (2) upon an oral prescription of
> such practitioner which is reduced promptly to writing and

---

[4]Much of the difficulty in this case arises from its unusual procedural posture.
As noted above, this court reviews de novo the decision of the Board, without
regard for the actions of the Superior Court. This standard of review does not
create problems when the Superior Court affirms the Board. However, when the
Superior Court reverses the decision of the Board and an appeal is filed, a difficult
situation arises. The appellant, the party who is aggrieved by the Superior Court's
action, is desirous of having the Board's decision affirmed and of having the
Superior Court's actions ignored. Accordingly, the appellant is placed in the posi-
tion of defending the position of the Board, rather than demonstrating the errors
made by the Superior Court, and must write what is in effect a respondent's brief.
The respondent is then placed in the position of demonstrating the errors made
by the Board, and must write what is in effect an appellant's brief. This "role
reversal" is confusing for the court and counsel, as is evident in this case. The
Department's appellant's brief focuses on the errors made by the Superior Court,
but does not defend the decisions of the Board. Much of the concern about
invited error arises from the confusion caused by the reversed roles of the parties
to this appeal.

filed by a duly licensed pharmacist, or (3) by refilling any such written or oral prescription . . ., or (4) . . . written directions and specifications for the preparation, grinding, and fabrication of lenses . . ..

No evidence has been presented that laboratory reagents fall within any of these categories. Therefore, laboratory reagents do not qualify for the prescription drug exemption.

All items purchased by the hospital "for the purpose of resale as tangible personal property in the regular course of business without intervening use" are purchases not at retail, RCW 82.04.050, and therefore are exempted from sales and use taxes, RCW 82.08.020 and 82.12.020. The hospital has the burden of proving that the purchases were made for resale purposes. RCW 82.04.470. No evidence was presented to the Board that the hospitals had met this burden of proof as to laboratory reagents. Accordingly, the Board did not err in determining that the resale exemption did not apply.

In conclusion, I join in the majority's decision to reverse the Superior Court's reversal of the Board regarding prosthetic devices and to affirm the Superior Court's reversal of the Board regarding nutrition products. However, I would reverse the Superior Court's reversal of the Board regarding laboratory reagents, and would reinstate the decision of the Board that such purchases do not fall within either the prescription drug exemption or the resale exemption.