Honorable Don Benton State Senator, 17th District P. O. Box 40417 Olympia, WA 98504-0417
Honorable Joseph Zarelli State Senator, 18th District P. O. Box 40418 Olympia, WA 98504-0418
Dear Senators Benton and Zarelli:
By letter previously acknowledged, you have requested our opinion on a question that we have paraphrased as follows:
 Is the Department of Revenue correct in its approach to collecting business and occupation tax from mortgage brokers on "loan origination fees" or "points" that are received by the brokers as part of their business income?
 BRIEF ANSWER
For the reasons set forth below, we conclude that the answer to your question is yes. Loan origination fees and points received by mortgage brokers are deductible from the business and occupation (BO) tax if they are received as compensation for the broker's lending of money for loans primarily secured by first mortgages or trust deeds on nontransient residential property, but not if they are compensation for services performed by the broker. The answer thus depends on the factual circumstances of each case. The Department of Revenue's practice is consistent with this approach.
ANALYSIS
RCW 82.04.4292 authorizes a deduction from the BO tax by those engaged in banking, loan, security, or other financial businesses on "amounts derived from interest received on investments or loans primarily secured by first mortgages or trust deeds on nontransient residential properties." "Interest" is defined as the compensation allowed by law or fixed by the parties for the use of money. "Interest," however, does not include amounts paid to a party for the performance of services in connection with a loan. Thus, where a mortgage broker is paid compensation for services performed, even if that compensation may be denominated as "points" or "loan origination fees," it does not qualify as a deduction from the BO tax. On the other hand, where the mortgage broker is acting as a lending broker and receives points or loan origination fees as compensation for the lending of money, such amounts are deductible from the BO tax. Whether a deduction is available in any particular instance will depend upon the factual circumstances surrounding the transaction and the services that are performed by the mortgage broker. The Department of Revenue's BO tax treatment of interest received by mortgage brokers is consistent with this interpretation.
Your question requires us to analyze the statutes pertaining to Washington's BO tax and the authorized deductions from this tax. RCW82.04.220 imposes a BO tax upon all persons for the act or privilege of engaging in business within the state. Mortgage brokers are generally taxed under RCW 82.04.290(2) and (3), which apply to all persons engaged in any business activity not enumerated in certain other specified statutes, including "persons engaged in the business of rendering any service which does not constitute a `sale at retail' or a `sale at wholesale.' " The BO tax in such cases is applied to the "gross income of the business." RCW 82.04.080, in pertinent part, defines this as
 the value proceeding or accruing by reason of the transaction of the business engaged in and includes gross proceeds of sales, compensation for the rendition of services, gains realized from trading in stocks, bonds or other evidences of indebtedness, interest, discount, rents, royalties, fees, commissions, dividends, and other emoluments however designated[.]
(Emphasis added.)
The statutes also allow taxpayers to take various deductions from the BO tax. In construing such deductions, however, we note that exemptions to taxation must be narrowly construed, and anyone claiming a benefit or deduction from a taxable category has the burden of showing that he or she is entitled to it. "[T]he statute imposing the tax is very broad and the exemptions correspondingly narrow". Budget Rent-A-Carof Washington-Oregon, Inc., v. Dep't of Rev., 81 Wn.2d 171, 175,500 P.2d 764 (1972). This especially is true of the BO tax. Dep't ofRev. v. Schaake Packing Co., 100 Wn.2d 79, 83, 666 P.2d 367 (1983) ("We reiterate our strong policy of narrowly construing exemptions to the business and occupation tax.") Accord Stroh Brewery Co. v. Dep't of Rev.,104 Wn. App. 235, 238, 15 P.3d 692 (2001).
Of primary concern here is RCW 82.04.4292, which provides:
 In computing tax there may be deducted from the measure of tax by those engaged in banking, loan, security or other financial businesses, amounts derived from interest received on investments or loans primarily secured by first mortgages or trust deeds on nontransient residential properties.
(Emphasis added.) This statute makes clear that the statutorily-allowed BO tax deduction for interest is limited to "amounts derived from interest received on [specified secured] investments or loans" and not merely amounts that are received by a mortgage broker as a result of, or relating to, a real estate transaction.
The term "interest" is not defined in RCW 82.04.4292, or in any other tax statute in RCW Title 82 or rule promulgated by the Department of Revenue. We thus turn to the ordinary dictionary definition of the term for guidance. Black's Law Dictionary 816 (7th ed. 1999) defines "interest" as:
 The compensation fixed by agreement or allowed by law for the use or detention of money, or for the loss of money by one who is entitled to its use; esp., the amount owed to a lender for the use of borrowed money.
Accord Sec. Sav. Soc'y v. Spokane Cy., 111 Wash. 35, 37, 189 P. 260
(1920) (" `Interest' is merely a charge for the use or forbearance of money."); Clifford v. State, 78 Wn.2d 4, 469 P.2d 549 (1970) ("Interest is commonly defined as a charge made for the use of money."). What is significant in this definition of "interest" is that it excludes amounts that are received as compensation for services performed. This is consistent with Washington case law. In Lincoln v. Transamerica Inv.Corp., 89 Wn.2d 571, 576, 573 P.2d 1316 (1978), the court held:
 Every amount paid to a lender is not necessarily a charge for the use of the money. The courts of this state have recognized that payment for services is not payment for the use of money (Peoples Nat'l Bank v. Nat'l Bank of Commerce, 69 Wn.2d 682, 420 P.2d 208 (1966)) and that a `finder's fee' may indeed be referable to services rendered rather than to compensation for the loan of money.
Federal authority concurs with this reasoning. An Internal Revenue Service decision (Revenue Ruling 69-188, 1969-1 C.B. 54), which has been relied upon by the Washington Department of Revenue (see Det. No. 98-218, 18 WTD 46 (1999)), has held that for federal income tax purposes:
 [I]nterest has been defined by the Supreme Court of the United States as the amount one has contracted to pay for the use of borrowed money, and as the compensation paid for the use or forbearance of money. See Old Colony Railroad Co. v. Comm'r, 284 U.S. 552 (1932) . . . .
. . . .
 To qualify as interest for tax purposes, the payment, by whatever name called, must be compensation for the use or forbearance of money per se and not a payment for specific services which the lender performs in connection with the borrower's account. For example, interest would not include separate charges made for investigating the prospective borrower and his security, closing costs of the loan and papers drawn in connection therewith, or fees paid to a third party for servicing and collecting that particular loan.
Department of Revenue Ruling, DET No. 98-218, 18 WTD 46 (1999), quoting Internal Revenue Service Ruling 69-188, 1969-1 C.B. 54.
A recent decision of the Washington Court of Appeals analyzing RCW82.04.4292 also suggests that the statutory deduction for "amounts derived from interest received on investments or loans" is intended to provide a deduction for those who actually provide the funding for the loan — not merely those who may facilitate the making of the loan or provide ancillary services. In Dep't of Rev. v. Sec. Pac. Bank of Wash.Nat'l Ass'n, 109 Wn. App. 795, 804, 38 P.3d 354 (2002), the court found:
 The purpose of RCW 82.04.4292 `was to stimulate the residential housing market by making residential loans available to home buyers at lower cost through the vehicle of a BO tax [deduction] on interest income received by home mortgage lenders.' Under the plain language of the statute, the deduction created by RCW 82.04.4292 is available to any bank if its loan is `primarily secured by first mortgages or trust deeds on nontransient residential properties.' RCW 82.04.4292.
(Citation and footnote omitted.) (Emphasis added.)
The question then is whether income received by mortgage brokers, either as "loan origination fees" or as "points," is deductible under RCW82.04.4292. Loan origination fees are charged by mortgage lenders to borrowers and are typically a percentage of the loan; one "point" equals one percent of the principal amount of the mortgage. They frequently are used to buy down the otherwise applicable interest rate. Nevertheless, this does not in itself render these amounts as "interest" if retained by the mortgage broker. Rather, the question turns upon the mortgage broker's role in the loan transaction and whether the amounts received by the broker are compensation for services.
If the mortgage broker provides the funding for the loan, then it is not distinguishable from banks, credit unions, or other financial institutions that lend monies for this purpose. The mortgage broker would be receiving "amounts derived from interest received on investments or loans", pursuant to RCW 82.04.4292, and would be entitled to a deduction from the BO tax unless the amounts are compensation for services. If, however, the mortgage broker simply facilitates the loan, or arranges for its funding by a bank, credit union, or other financial institution, then the amounts the mortgage broker retains, however denominated, constitute fees or compensation for services performed and not "interest received on investments or loans." In this instance, the mortgage broker does not qualify for the statutory deduction. The mortgage broker is treated differently from the bank or other lending institution because it is, in fact, performing a different role in the transaction.[1]
Our review of the Department of Revenue's decisions in this area indicates that they are consistent with this interpretation of the statutes, and we believe them to be correct. In essence, brokers who act as "lending brokers" are eligible for the BO tax deduction under RCW82.04.4292, while those who perform other services as "pure mortgage brokers" or "correspondent brokers" are not. See DET No. 03-0079, 23 WTD 83 (2004); DET No. 99-241, 19 WTD 295 (2000); DET No. 98-218, 18 WTD 46 (1999).
We finally note that your opinion request indicates that "points" are treated as "interest income" by the federal Department of Housing and Urban Development. Your request does not specify which regulations apply this interpretation nor the purpose or context of such an interpretation. However, in light of the Washington case law interpreting RCW 82.04.4292, and interpreting the meaning of "interest" in numerous other cases, we do not believe this to be determinative. We again also note that the Internal Revenue Service has interpreted the term "interest," for federal income tax purposes, in a manner consistent with that of the Washington courts. We therefore conclude that the Department of Revenue's treatment of this matter is correct.
We trust that you will find the foregoing to be of assistance.
Sincerely,
ROB MCKENNA, Attorney General
GREGORY J. TRAUTMAN, Assistant Attorney General
:pmd
[1] In this regard, we likewise note that banks or other lending institutions that receive points or loan origination fees may deduct these amounts from the BO tax only if these amounts are compensation for the lending of money by those institutions, and not if they are compensation for other services performed by those institutions.