[No. 40666.    En Banc.    May 14, 1970.]

RICHARD A. CLIFFORD *et al., Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.

RICHARD A. CLIFFORD *et al., Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.*

*Reported in 469 P.2d 549.

*Preston, Thorgrimson, Horowitz, Starin & Ellis,* by *Charles Horowitz,* and *Preston, Thorgrimson, Starin, Ellis & Holman,* by *Edward Starin,* for appellants.

*The Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants,* for respondent.

ROSELLINI, J.—In these consolidated cases, the superior court upheld a ruling by the Washington State Department of Revenue that interest received by the appellants under installment contracts for the sale of real estate was taxable as a part of the gross income of their business of subdividing and selling real estate.

The appeal is prosecuted upon three contentions, the first being that interest received by the sellers of real estate is exempt from the business and occupation tax imposed under RCW 82.04.290 upon

> every person engaging . . . in any business activity other than or in addition to those enumerated in [previous sections] . . .

This section further provides that the tax shall be equal to 1 per cent of the gross income of the business.

The appellants base their claim of exemption upon RCW 82.04.390, which provides:

> This chapter shall not apply to gross proceeds derived from the sale of real estate. This however, shall not be construed to allow a deduction of amounts received as commissions from the sale of real estate, nor as fees, handling charges, discounts, interest or similar financial charges resulting from, or relating to, real estate transactions.

As we understand the appellants' theory, it is that the phrase "gross proceeds derived from the sale of real estate" means not only the selling price but interest as well, and

further that the second sentence applies only to persons other than sellers who receive remuneration in connection with real estate sales, such as agents and financing institutions.

■ We disagree. The apparent meaning of the second sentence of the section is that the first sentence applies only to the selling price.

This interpretation is in harmony with RCW 82.04.080, which defines "gross income of the business" as

the value proceeding or accruing by reason of the transaction of the business engaged in and includes *gross proceeds of sales*, . . . *interest* . . .

(Italics ours.)

It is evident that the legislature in enacting this chapter did not regard interest as a part of the selling price, since it listed these two items separately as component parts of "the value proceeding or accruing by reason of the transaction of business," or the "gross income of the business."

In the very recent case of *Rena-Ware Distrib., Inc. v. State*, 77 Wn.2d 514, 463 P.2d 622 (1970), this court held that service charges, imposed for the privilege of making deferred payments on the purchase of goods, are not a part of the purchase price, but are a charge made for a service and are taxable as a part of the gross proceeds of the business under RCW 82.04.290.

Interest is commonly defined as a charge made for the use of money. *See* Merriam-Webster Third Int'l Dictionary (1964). RCW 82.04.080 contains a clearly expressed legislative recognition that it is not a part of the selling price of property.

If, as we hold, interest is not exempted from the tax by the first sentence of RCW 82.04.390, then it is a "receipt otherwise taxable," to use the appellants' expression, and cannot be deducted from the gross proceeds of the business for the purpose of computing the tax. The second sentence of the section removes any doubt that this was the legislative intent.

The superior court correctly sustained the ruling of the

Department of Revenue imposing the tax on interest receipts.

It is urged, however, that the tax is violative of the equal protection and privileges and immunities clauses of the federal and state constitutions because, in taxing interest received by real-estate developers on conditional sale contracts and not taxing interest received by financial institutions on banking, trust, or savings and loan business (RCW 82.04.400), the legislature has engaged in an arbitrary classification.

The appellants concede that the legislature ordinarily may classify taxpayers for excise tax purposes without requiring all taxpayers to pay the same tax or rate of tax.

As we said in *Black v. State*, 67 Wn.2d 97, 406 P.2d 761 (1965), if the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law. In that case, we held that there is a sufficient difference between a floating hotel and a hotel constructed on land to justify the levying of an excise tax upon the leasing of one and exempting the other from the tax. In *Hemphill v. Tax Comm'n*, 65 Wn.2d 889, 400 P.2d 297 (1965), we upheld the exemption of bowling from a sales tax applied to the amusement industry, and in *Boeing Co. v. State*, 74 Wn.2d 82, 442 P.2d 970 (1968), we held that a difference in the manner of holding property (as bailee and as lessee) was a sufficient basis for distinction.

Here the appellant maintains that financial institutions were not required to pay a tax on interest derived from the same business activity in which it engages, under RCW 82.04.400 (as it existed prior to its amendment in 1970). We do not find the appellants' theory supported by the language of the statute. Prior to the 1970 amendment, the statute read, in pertinent part:

This chapter shall not apply to national banks, state banks, trust companies, . . . mutual savings banks, building and loan and savings and loan associations with respect to their banking, trust, or savings and loan busi-

ness . . . but shall apply with respect to their engaging in any other business taxable hereunder, even though such other business is conducted primarily for the purpose of liquidating the assets thereof.

The particular business activity of the appellants which is taxed is that of permitting deferred payment for the real estate which it sells. It claims that financial institutions engage in the same activity. As we read the statute, if banks sell real estate upon credit, the interest exacted for the privilege of making deferred payments is not exempt. Only the banking, trust, savings and loan activities of financial institutions are exempt. Making a loan and taking a land contract as security is not the same activity as selling a piece of land and accepting the payment in installments. In one activity, money is advanced. In the other, no money is advanced by the seller; rather he relinquishes the right to immediate payment. This is a sufficient distinction in fact to justify the difference in tax treatment. Another distinction is that financial institutions listed in RCW 82.04.400 are subject to regulations which do not apply to the appellants' business.

The third theory advanced by the appellants for the reversal of the judgment is that the tax is in reality a tax on property, not an excise tax, and offends the uniformity clause of the Washington State Constitution (Const. art. 7, § 1 (amendment 14)) because of the claimed exemption of financial institutions.

■ The distinction between a property tax and an excise tax is set forth in detail in *Black v. State, supra.* As we said there, if a tax is imposed directly by the legislature without assessment, and its sum is measured by the amount of business done or the extent to which the conferred privileges have been enjoyed or exercised by the taxpayer, irrespective of the nature or value of the taxpayer's assets, it is regarded as an excise.

■ The tax in question is levied upon the privilege of doing business and not upon the property of the taxpayer. It is measured, not by the value of his property, but by the

gross income of his business (less exemptions and deductions), in this case the business of extending credit.

We have held that the tax imposed under RCW 28.45 upon the sale of real estate is an excise tax. *Mahler v. Tremper*, 40 Wn.2d 405, 243 P.2d 627 (1952). It would be inconsistent to say that a tax measured by the selling price of land is an excise tax, but one measured by the interest received on deferred payments is a property tax. The tax in that case was levied upon the transaction. The tax here is levied upon the privilege of engaging in a business activity. Both are excise taxes.

The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, HAMILTON, HALE, NEILL, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.