[No. 51105-5.   En Banc.   April 17, 1986.]

RAY O'LEARY, ET AL, *Appellants,* v. THE DEPARTMENT OF REVENUE, *Respondent.*

*Roberts & Shefelman* and *Brian L. Comstock,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Maureen Hart, Assistant,* for respondent.

DOLLIVER, C.J.—In 1973 Ray O'Leary, Michael Angiuli, and Eugenia Lewis formed a general partnership, M & R Investments to "engage in and carry on a building management business and other ventures of mutual agreement." Initially, M & R purchased several small apartment complexes. It then bought and sold a number of complexes so that it could obtain more apartment units in fewer buildings.

The Department of Revenue audited M & R for the period beginning January 1, 1976 through June 30, 1980. During the audit period, M & R sold 17 of the 23 apartment complexes it owned. All of these 17 complexes were sold through real estate contracts which required the purchaser to make periodic payments of principal and interest. The interest payments received on these contracts in the audit period were in excess of $1,500,000. In calculating the business and occupation tax owed by the M & R partners, the Department of Revenue included all interest payments received by the partnership from the sale of the complexes. The Department asserted the partnership owed $21,714 in back taxes. M & R paid the amount and filed a petition in superior court for a refund.

M & R argued that its real estate contracts constituted an "investment" and, as such, the interest payments received on the contracts were deductible from the B & O tax pursuant to the provisions of RCW 82.04.4281. In rejecting this argument, the trial court concluded that the selling and financing of sales of capital assets by means of

real estate contracts does not constitute an investment within the meaning of RCW 82.04.4281. The trial court dismissed M & R's petition; from the dismissal, M & R appeals directly to this court.

The Washington Legislature has imposed a business and occupation tax "for the act or privilege of engaging in business activities" in this state. RCW 82.04.220. "Business" is defined in RCW 82.04.140 to include "all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person . . ." Clearly, under this broad definition, the partners in M & R are conducting business activities and are, therefore, subject to the B & O tax.

Subject to narrowly circumscribed exceptions, the B & O tax owed is calculated based on the "gross income of the business". RCW 82.04.290. "Gross income of the business" is defined in RCW 82.04.080 to specifically include interest:

> "*Gross income of the business*" means the value proceeding or accruing by reason of the transaction of the business engaged in and *includes* gross proceeds of sales, compensation for the rendition of services, gains realized from trading in stocks, bonds, or other evidences of indebtedness, *interest* . . .

(Italics ours.) Thus, unless M & R can prove it is entitled to a statutorily enumerated deduction or exemption, the interest payments received through its real estate contracts are part of the gross income of the business and, accordingly, are subject to the B & O tax.

The partners in M & R contend RCW 82.04.4281 entitles them to deduct the interest received through M & R's real estate contracts. RCW 82.04.4281 provides:

> In computing tax there may be deducted from the measure of tax amounts derived by persons, other than those engaging in banking, loan, security, or other financial businesses, from investments or the use of money as such, and also amounts derived as dividends by a parent from its subsidiary corporations.

For the partners to qualify for the deduction, they must show both (1) the real estate contracts from which they received interest constituted investments, and (2) M & R is

not engaged in a financial business.

■ To decide if the partners meet the first requirement, we must define investment and then determine if the real estate contracts meet that definition. Exemptions to the tax laws are to be construed narrowly. *Budget Rent–A–Car of Wash.–Or., Inc. v. Department of Rev.,* 81 Wn.2d 171, 500 P.2d 764 (1972). "Taxation is the rule and exemption is the exception." *Budget Rent–A–Car,* at 174.

■ As we stated in *John H. Sellen Constr. Co. v. Department of Rev.,* 87 Wn.2d 878, 883, 558 P.2d 1342 (1976), an interpretation of an "investment" should be limited to the plain and ordinary meaning of the word. In *Sellen* we allowed a deduction for income from a business' "incidental investments of surplus funds . . ." *Sellen,* at 883. Whether an investment is "incidental" to the main purpose of a business is an appropriate means of distinguishing those investments whose income should be exempted from the B & O tax of RCW 82.04.4281. Here the real estate contracts held by M & R investment partnership were neither incidental investments nor were they made from surplus income of the partnership.

We previously have determined the vendor of a real estate contract may be treated differently than other holders of debt investments. We directly addressed this contention in *Clifford v. State,* 78 Wn.2d 4, 8, 469 P.2d 549 (1970) stating:

> Making a loan and taking a land contract as security is not the same activity as selling a piece of land and accepting the payment in installments. In one activity, money is advanced. In the other, no money is advanced by the seller; rather he relinquishes the right to immediate payment.

It is uncontroverted that plaintiffs derived the interest income at issue from a financing method which permitted deferred payment. The plaintiffs expected and received interest for allowing their buyers to make payments on time.

The plaintiffs' sale of their apartments was not an

investment "or the use of money as such". The plaintiffs are not entitled to a deduction under the provisions of RCW 82.04.4281. Therefore, we need not determine if they are engaged in a "financial business". The trial court is affirmed.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.