[No. 8770–7–II.  Division Two.  March 3, 1987.]

BEN O. BROWNING, *Appellant,* v. THE DEPARTMENT
OF REVENUE, *Respondent.*

*James E. Warme* and *Calbom, Pond, Falkenstein, Warme & Engstrom,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *James R. Tuttle, Assistant,* for respondent.

ALEXANDER, A.C.J.—Ben Browning appeals a judgment of the Superior Court denying him a refund of business and occupation (B & O) and use taxes. He contends that the trial court erred in concluding that (1) interest earned by Browning from real estate contracts was subject to B & O taxes, and (2) Browning was not entitled to an exemption from a use tax imposed on the use of his airplane. We find no error by the trial court and, thus, affirm.

## PROCEDURAL HISTORY

The Washington State Department of Revenue issued an assessment against Browning for unpaid B & O and use taxes. The assessment covered the period from January 1, 1976 through June 30, 1980. Browning paid the taxes and then commenced a tax refund action, pursuant to RCW 82.32.180, in Thurston County Superior Court. At the conclusion of trial, the trial court entered findings of fact which are unchallenged and which may be summarized as follows:

## FACTS RELATING TO B & O TAX

In 1963, Browning began constructing residences with the intention of renting them. Browning financed construction of the dwellings by borrowing from various lending institutions. His rental business soon generated a positive cash flow. In 1973, Browning began selling the rental homes. Seventeen houses were sold outright for cash. An additional 85, or more,[1] rental houses were sold on real estate contracts during the audit period. The contract purchasers were obligated to pay interest on the unpaid balance of the contract. The Department assessed a B & O tax on the contract interest received by Browning during the audit period.

## FACTS RELATING TO USE TAX

Browning owned a Beechcraft King Air airplane from

---

[1]The unchallenged findings indicate that 85 houses were sold on contract in the years 1976 through 1979 and that 5 houses were sold in 1980. We have no way of knowing if these latter sales occurred before June 30, 1980, and were thus within the audit period.

1977 to 1980. He flew the airplane on personal business for 15.8 percent of the total flight hours logged by the aircraft during the period of ownership. During this time, Browning also leased the airplane to four companies who used the aircraft to carry their own property and personnel. These companies did not transport other persons or property for any fee or other consideration. In addition, Browning leased the airplane to three other companies, primarily Flightcraft, Inc., and Olympic Air Service. These companies used the aircraft for charters or demonstrations for 36 percent of its total flight hours. The majority of the flights by the lessees of the aircraft were in interstate or foreign commerce or were solely outside of the state of Washington. The Department assessed a use tax incident to Browning's use of the airplane.

### ANALYSIS: B & O TAX ISSUE

Washington's B & O tax is imposed on the "act or privilege of engaging in business" in this state. RCW 82.04.220. "Business" is defined as including "all activities engaged in with the object of gain, benefit, or advantage to the taxpayer . . ." RCW 82.04.140. The tax is levied on the "Gross income of the business." RCW 82.04.290. "Gross income of the business" includes interest. RCW 82.04.080.

■ A deduction against the B & O tax obligation is provided in RCW 82.04.4281, as follows:

> In computing tax *there may be deducted* from the measure of tax *amounts derived* by persons, other than those engaging in banking, loan, security, or other financial businesses, *from investments* or the use of money as such . . .

(Italics ours.) Tax deductions must be construed narrowly and the burden of proving entitlement to the deduction is on the taxpayer. *Rainier Bancorporation v. Department of Rev.*, 96 Wn.2d 669, 638 P.2d 575 (1982).

We are presented with the issue of whether the interest received by Browning as a real estate contract seller is considered as being derived "from investments." If it is,

Browning is entitled to have any amount so derived deducted from his B & O tax obligation.

Our Supreme Court recently held that the unpaid balance on a real estate contract is not an investment of the contract vendor, nor is the interest received by the vendor "amounts derived . . . from investments or the use of money as such" within the meaning of RCW 82.04.4281. *O'Leary v. Department of Rev.*, 105 Wn.2d 679, 717 P.2d 273 (1986). In *O'Leary,* the court focused on the question of whether the investment was "incidental" to the main purpose of the business. The court said:

> Whether an investment is "incidental" to the main purpose of a business is an appropriate means of distinguishing those investments whose income should be exempted from the B & O tax of RCW 82.04.4281.

*O'Leary,* 105 Wn.2d at 682. In that case the court concluded that real estate contracts held by an investment partnership were not incidental investments nor were they investment income of the business.

In light of *O'Leary,* we believe that the trial court was correct in concluding that Browning did not meet his burden of proving that he was entitled to the statutory deduction. Like the situation in *O'Leary,* the evidence here does not establish that the real estate contracts were entered into with surplus moneys or that they were incidental investments.

Browning argues that the *O'Leary* case may be distinguished because the taxpayers' business in *O'Leary* was much greater than Browning's. Even if that is the case, the point is not significant. We are concerned here with whether Browning qualifies for a deduction from the B & O tax. The trial court concluded that the interest income received by Browning pursuant to the real estate contracts is subject to the B & O tax, "*absent* qualifications for a deduction or exemption," and that the interest is includable within the gross income of the business, "taxable under the service or other business activities" classification. Browning has not assigned error to this conclusion. Indeed,

he has indicated in his brief that the issue in this case is one of whether he qualifies for the deduction.

Therefore, the fact that Browning's business may be less developed or sophisticated than that of the taxpayer in *O'Leary* is not relevant. The fact remains that in the course of his business Browning received interest income from real estate contracts. The interest income was included properly in Browning's gross income and he is not entitled to deduct it from his gross income, pursuant to RCW 82.04.4281.

### ANALYSIS: USE TAX ISSUE

Washington's use tax is collected for "the privilege of using within this state as a consumer any article of tangible personal property purchased at retail, . . ." RCW 82.12-.020. Here, the use tax was imposed on Browning's use of his Beechcraft King Air airplane. Browning claims an exemption from the tax pursuant to provisions of RCW 82.12.0254, which provides, in part, as follows:

> The provisions of this chapter shall not apply in respect to the *use of any airplane, . . . used primarily in* conducting interstate or foreign commerce by *transporting* therein or therewith *property and persons for hire* . . .

(Italics ours.)

Like deductions, exemptions must be construed narrowly. *Evergreen–Washelli Mem. Park Co. v. Department of Rev.*, 89 Wn.2d 660, 663, 574 P.2d 735 (1978).

Browning argues that the exemption applies because his airplane was leased by others and, thus, was used primarily "for hire." The trial judge, invoking the "last antecedent" rule of statutory construction, concluded, however, that the exemption existed only if the "use" was in "transporting . . . property and persons for hire." The trial court stated that: "[t]he exemption . . . does not apply here where just the airplane itself is for rent or hire." We agree.

The "last antecedent" rule was set forth succinctly in *In re Estate of Kurtzman,* 65 Wn.2d 260, 396 P.2d 786 (1964) as follows:

"Where no contrary intention appears in a statute, relative and qualifying words and phrases, both grammatically and legally, refer to the last antecedent."

*Kurtzman*, 65 Wn.2d at 264. Applying that rule here, it is readily apparent that it is "transporting . . . property and persons for hire . . ." that gives rise to the exemption from taxation. The term "for hire" does not, in other words, refer to the airplane. Rather, it refers to the last antecedent,[2] "transporting," not to the former antecedent, "use of any airplane." Because it is the use of the airplane that is taxed, and because the taxpayer did not meet his burden of showing the airplane was used by Browning or his lessees to transport property or persons for hire, the exemption is not available to him. The fact that Browning leased the airplane to others who simply transported property or persons is not sufficient to warrant the exemption.

We affirm the trial court.

PETRICH and WORSWICK, JJ., concur.

---

[2]The last antecedent is the last word, phrase or clause that can be made an antecedent without impairing the meaning of the sentence. *In re Estate of Kurtzman, supra.*