**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

April 11, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANTIO, LLC; AZUREA I, LLC; BACK BOWL I, LLC; CANDICA, LLC; CERASTES-WTB, LLC; GCG EXCALIBUR, LLC; LINDIA, LLC; OAK HARBOR CAPITAL, LLC; OAK HARBOR CAPITAL II, LLC; OAK HARBOR CAPITAL III, LLC; OAK HARBOR CAPITAL IV, LLC; OAK HARBOR CAPITALVI, LLC; OAK HARBOR CAPITALVII, LLC; OAK HARBOR CAPITAL X, LLC; OAK HARBOR CAPITAL XI, LLC; and VANDA, LLC, | No. 57312-1-II |
| **Appellant,** | |
| v. | PUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | |
| **Respondent.** | |

MAXA, J. – Antio LLC, Azurea I LLC, Back Bowl I LLC, Candica LLC, Cerastes-WTB LLC, GCG Excalibur LLC, Lindia LLC, Oak Harbor Capital LLC, Oak Harbor Capital II LLC, Oak Harbor Capital III LLC, Oak Harbor Capital IV LLC, Oak Harbor Capital VI LLC, Oak Harbor Capital VII LLC, Oak Harbor Capital X LLC, Oak Harbor Capital XI LLC, and Vanda LLC (collectively "the LLCs") appeal the trial court's grant of summary judgment in favor of the Department of Revenue (DOR). The LLCs had challenged DOR's determination that their investment income did not qualify for a deduction from the measure of business and occupation (B&O) taxes.

No. 57312-1-II

The LLCs are investment funds, and all revenue that the LLCs receive is investment income. The LLCs paid B&O taxes on that revenue, and subsequently applied to DOR for tax refunds under RCW 82.04.4281(1)(a). That statute allows a deduction for "[a]mounts derived from investments" from the measure of B&O taxes. RCW 82.04.4281(1)(a). DOR denied the refund requests. The LLCs challenged this determination, and the trial court granted summary judgment in favor of DOR.

The LLCs argue that (1) the trial court erred in concluding that no genuine issues of material fact existed on summary judgment; and (2) under the plain language of RCW 82.04.4281(1)(a), they are entitled to deduct their investment income from B&O taxes. DOR argues that the LLCs are not entitled to a refund under *O'Leary v. Department of Revenue*, 105 Wn.2d 679, 682, 717 P.2d 273 (1986), in which the court held that the term "investments" in former RCW 82.04.4281 (1980) was limited to investments that were incidental to the main purpose of the taxpayer's business.

We hold that (1) no genuine issues of material fact existed on summary judgment because whether the LLCs are entitled to a deduction depends on the interpretation of RCW 82.04.4281, which is a question of law; and (2) the LLCs are not entitled to a deduction under RCW 82.04.4281(1)(a) based on the definition of "investment" in *O'Leary*. Accordingly, we affirm the trial court's order granting summary judgment in favor of DOR.

FACTS

*Background*

The LLCs are investment funds, and they acquire investors through private offerings under a federal securities act exemption known as a private placement. Investors invest capital

2

No. 57312-1-II

in the funds via private placements, and the LLCs then take that capital and invest it in debt instruments like defaulted credit card debt. All revenue that the LLCs receive is investment income from the debt instruments offered in private placements. The LLCs do not provide any services.

In December 2019, the LLCs submitted applications to DOR for refunds of various amounts paid in B&O taxes between January 2015 and December 2018. The LLCs sought a refund for 100 percent of the B&O taxes they had paid, claiming that all their revenue was investment income and therefore was subject to the deduction under RCW 82.04.4281(1)(a). The claimed refunds for all the LLCs totaled $404,361.87.

DOR ultimately denied the refund requests in full because all the revenue that the LLCs received was investment income. DOR stated that the LLCs did not qualify for the deduction because 100 percent of their income was derived from investments, and under RCW 82.04.4281(1)(c)[1] only investment income that is less than five percent of their gross income qualified for the deduction.[2]

*Trial Court Ruling*

The LLCs filed a tax refund action in superior court under RCW 82.32.180. DOR filed a summary judgment motion, arguing that the LLCs did not meet the definition of "investments"

---

[1] RCW 82.04.4281(1)(c) states, "Amounts derived from interest on loans between subsidiary entities and a parent entity or between subsidiaries of a common parent entity, but only if the total investment and loan income is less than five percent of gross receipts of the business annually."

[2] DOR also noted that some of the LLCs had taken small business credits during the refund request period that either reduced their tax liability to zero or to an amount that was less than the requested refund. As a result, some of the LLCs either did not actually make any payments or requested refunds for an amount that was more than what they paid.

3

No. 57312-1-II

as defined in *O'Leary*. DOR also stated the same reasoning it used in the refund denials – that the five percent limiting language in RCW 82.04.4281(1)(c) also applied to section (a). However, DOR specified that the trial court was not required to determine whether the five percent limitation applied because the LLCs' claims failed as a matter of law under *O'Leary*.

In response, the LLCs submitted internal DOR emails regarding the LLCs' B&O tax liability. In one email, an auditor referenced RCW 82.04.4281 and stated that amounts derived from investments are deductible for "issuers," and that the LLCs were issuers. The auditor further noted that the "[s]tatute does not require anything else" and that based on the current information she had it seemed "that the [LLCs] would be eligible for refunds." Clerk's Papers (CP) at 260. In a later email, a senior excise tax examiner noted that they were "confused about the taxability" and that the four requests being reviewed "appear[ed] to qualify for the deduction they quoted." CP at 237. The LLCs argued that DOR's argument regarding the five percent limitation was inconsistent with this internal position, which did not mention any limits.

In their opposition brief, the LLCs also quoted an interpretation of investment funds from DOR's website:

> A trader not meeting the characteristics of a broker, dealer, or broker-dealer is not a security business and would be eligible for the B&O tax deduction for amounts derived from investments. Additionally, <u>most mutual funds, private investment funds,</u> family trusts, <u>and other collective investment vehicles are not a securities business, and are allowed the B&O tax deduction for amounts derived from investments.</u>

CP at 160. The LLCs argued that because they are private investment funds, they fall within the language of DOR's published position, and any contradicting contention would create a genuine

4

No. 57312-1-II

issue of material fact. In addition, the LLCs stated that DOR's published interpretation contained no reference to a five percent limitation or to *O'Leary*.

The trial court granted DOR's summary judgment motion, declining to look at DOR's website and finding that no genuine issue of material fact existed. The LLCs filed a motion for reconsideration of the summary judgment ruling, which the court denied.

The LLCs appeal the trial court's grant of summary judgment in favor of DOR.

ANALYSIS

A.     LEGAL PRINCIPLES

1.     Summary Judgment Standard

For a summary judgment motion, we view the evidence and apply all reasonable inferences in the light most favorable to the nonmoving party. *Lavington v. Hillier*, 22 Wn. App. 2d 134, 143, 510 P.3d 373, *review denied*, 200 Wn.2d 1010 (2022). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). There is a genuine issue of material fact only if reasonable minds could disagree on the conclusion of a factual issue. *Lavington*, 22 Wn. App. 2d at 143. However, if the material facts are not in dispute, summary judgment can be determined as a matter of law. *Protective Admin. Servs., Inc. v. Dep't of Revenue*, 24 Wn. App. 2d 319, 325, 519 P.3d 953 (2022).

2.     B&O Tax and Deductions

RCW 82.04.220(1)[3] states that entities must pay a B&O tax for the privilege of doing business in Washington. The tax is measured by the application of rates against certain types of

---

[3] RCW 82.04.220 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

5

No. 57312-1-II

income, including "gross income of the business." RCW 82.04.220(1). "Gross income of the business" means "value proceeding or accruing by reason of the transaction of the business engaged in." RCW 82.04.080(1). The term specifically includes interest. RCW 82.04.080(1).

However, chapter 82.04 RCW contains a number of exemptions and deductions regarding B&O taxes. RCW 82.04.4281 provides,

> (1) In computing tax there may be deducted from the measure of tax:
> (a) *Amounts derived from investments*;
> (b) Amounts derived as dividends or distributions from the capital account by a parent from its subsidiary entities; and
> (c) Amounts derived from interest on loans between subsidiary entities and a parent entity or between subsidiaries of a common parent entity, but only if the total investment and loan income is less than five percent of gross receipts of the business annually.

(Emphasis added.)

Whether a trial court correctly determined that a taxpayer was not entitled to a tax refund is a question of law that we review de novo. *Protective*, 24 Wn.2d at 325. A taxpayer must prove the incorrect amount of tax paid along with the correct amount of tax in order to establish that they are entitled to a refund. RCW 82.32.180.

3. Statutory Interpretation

A determination of whether the LLCs' investment income was deductible from their B&O taxes requires interpretation of RCW 82.04.4281(1). Interpretation of a statute is a question of law that we review de novo. *Protective*, 24 Wn.2d at 325. When interpreting a statute, our goal is to determine and give effect to the legislature's intent. *Id.* at 330. The language and context of the statute, related statutes, and the statutory scheme as a whole are considered. *Id.*

6

Tax exemptions are narrowly construed. *Green Collar Club v. Dept. of Revenue*, 3 Wn. App. 2d 82, 94, 413 P.3d 1083 (2018). Although an ambiguous tax exemption is construed fairly and in the ordinary meaning of its language, it is strictly construed against the taxpayer. *Id.*

In addition, we are bound by the Supreme Court's interpretation of a statute. *Yuchasz v. Dep't of Labor & Indus.*, 183 Wn. App. 879, 888, 335 P.3d 998 (2014).

B.    GENUINE ISSUES OF MATERIAL FACT

The LLCs argue that the trial court erred in concluding that there were no genuine issues of material fact and that the trial court failed to consider the facts in a light most favorable to them as the nonmoving parties. We disagree.

The question here is whether the investment deduction stated in RCW 82.04.4281(1)(a) applies to the LLCs. The key material fact regarding that question is undisputed: 100 percent of the LLCs' income was investment income. We must decide as a matter of law whether DOR's position is correct that RCW 82.04.4281(1)(a) does not apply when investment is not incidental to the main purpose of the taxpayer's business or when investment income is more than five percent of the taxpayer's gross income.

The LLCs argue that a genuine issue of material fact exists because DOR's interpretation of investment funds and the application of the investment deduction on its website and in its internal email communications discussing the LLCs' eligibility for refunds contradict DOR's position that the LLCs are not entitled to a refund. But statutory interpretation is a question of law, not a question of fact. *See Protective*, 24 Wn.2d at 325. We give effect to the legislature's intent, not the interpretation of a few DOR employees or on DOR's website.

Therefore, we hold that no genuine issues of material fact existed on summary judgment.

7

No. 57312-1-II

C. APPLICATION OF RCW 82.04.4281(1)(a)

The LLCs argue that the trial court erred in determining that they were not entitled to deduct their investment income under RCW 82.04.4281(1)(a). We disagree.

1. *O'Leary* Interpretation of "Investments"

RCW 82.04.4281(1)(a) provides a B&O tax deduction for "[a]mounts derived from investments." But the statute does not define "investments." The question here is how that term should be interpreted.

The plain language of RCW 82.04.4281(1)(a) seems to support the LLCs' position. All of the LLCs' income is derived from investments. This subsection does not state or even suggest that the deduction is unavailable if the main purpose of taxpayer's business is investments. There are no limitations at all to application of the deduction in the statutory language.

But the Supreme Court in *O'Leary* provided a definition of "investments" as used in former RCW 82.04.4281.[4] The court stated, "Whether an investment is 'incidental' to the main purpose of a business is an appropriate means of distinguishing those investments whose income should be exempted from the B&O tax [in] RCW 82.04.4281." *O'Leary*, 105 Wn.2d at 682.

In *O'Leary*, the taxpayer received interest payments pursuant to real estate contracts involving the sale of apartment complexes. *Id.* at 680. The taxpayer argued that the real estate contracts constituted "investments" and therefore the interest was deductible under former RCW 82.04.4281. *Id.* After stating its interpretation of "investments," the court noted that the real estate contracts "were neither incidental investments nor were they made from surplus income of

---

[4] When O'Leary was decided, former RCW 82.04.4281 stated as follows in part: "In computing tax there may be deducted from the measure of tax *amounts derived* by persons, other than those engaging in banking, loan, security, or other financial businesses, *from investments* or the use of money as such." (Emphasis added.)

8

the partnership." *Id.* at 682. The court concluded that the sale of the apartments was not an investment and therefore that the taxpayer was not entitled to a deduction under former RCW 82.04.4281. *Id.* at 682-83.

This court followed *O'Leary* in *Browning v. Department of Revenue*, 47 Wn. App. 55, 733 P.2d 594 (1987). In that case, the taxpayer claimed a deduction under former RCW 82.04.4281 for interest received on real estate contracts for the sale of rental houses. *Id.* at 56. The court quoted the passage from *O'Leary* stating that an investment must be incidental to the main purpose of the taxpayer's business to qualify for the investment income deduction. *Id.* at 58. The court affirmed the trial court's denial of the deduction, stating that "the evidence here does not establish that the real estate contracts were entered into with surplus monies or that they were incidental investments." *Id.*

Here, the LLCs' investment in debt instruments is not incidental to the main purpose of their businesses. Instead, investment is the only purpose of their businesses – 100 percent of the LLCs' income was investment income. Therefore, based on the definition of "investments" in *O'Leary*, the LLCs are not entitled to a deduction under RCW 82.04.4281(1)(a).

2.    Continued Vitality of *O'Leary*

The LLCs argue that *O'Leary* has no application to this case because it was nullified by amendments to RCW 82.04.4281 that occurred after *O'Leary* was decided. The LLCs claim that these amendments affected a change in the meaning of the term "investments" as stated in *O'Leary*. We disagree.

When *O'Leary* was decided in 1986, former RCW 82.04.4281 stated that "there may be deducted from the measure of tax amounts derived by persons, other than those engaging in

9

No. 57312-1-II

banking, loan, security, or other financial businesses, from investments or the use of money as

such, and also amounts derived as dividends by a parent from its subsidiary corporations."

In 2000, the Supreme Court held in *Simpson Investment Company v. Department of Revenue* that a holding corporation for multiple subsidiaries was a "financial business" for

purposes of former RCW 82.04.4281. 141 Wn.2d 139, 164, 3 P.3d 741 (2000). A year later, the

legislature adopted a finding regarding RCW 82.04.4281:

> The legislature finds that the application of the business and occupation tax deduction provided in RCW 82.04.4281 for investment income of persons other than those engaging in banking, loan, security, or other financial businesses has been the subject of disagreement between taxpayers and the state. Decisions of the supreme court have provided some broad guidelines and principles for interpretation of the deduction provided in RCW 82.04.4281, but these decisions have not provided the certainty and clarity that is desired by taxpayers and the state. Therefore, it is the intent of the legislature to delay change in the manner or extent of taxation of the investment income until definitions or standards can be developed and enacted by the legislature.

LAWS OF 2001, ch. 320, §18. The legislature adopted a new section that limited DOR's ability to

classify an entity as a "financial business," LAWS OF 2001, ch. 320, §19, but that section was

vetoed. LAWS OF 2001, ch. 320, veto statement at 1625-26.

In 2002, the legislature amended RCW 82.04.4281, changing the language to the current

version. LAWS OF 2002, ch. 150, § 2. The legislature adopted the following finding:

> The legislature finds that the application of the business and occupation tax deductions provided in RCW 82.04.4281 for investment income of persons deemed to be "other financial businesses" has been the subject of uncertainty, and therefore, disagreement and litigation between taxpayers and the state. The legislature further finds that the decision of the state supreme court in *Simpson Investment Co. v. Department of Revenue* could lead to a restrictive, narrow interpretation of the deductibility of investment income for business and occupation tax purposes. As a result, the legislature directed the department of revenue to work with affected businesses to develop a revision of the statute that would provide certainty and stability for taxpayers and the state. The legislature intends, by adopting this recommended revision of the statute, to provide a positive environment for capital investment in this state, while continuing to treat similarly situated taxpayers fairly.

LAWS OF 2002, ch. 150, § 1.

10

No. 57312-1-II

Viewed in context, the findings in both 2001 and 2002 primarily related to the meaning of "other financial businesses" in former RCW 82.04.4281. The legislature was reacting to the Supreme Court's holding in *Simpson*. And in fact the provision in former RCW 82.04.4281 precluding "other financial businesses" from claiming the deduction was removed in the 2002 amendments. LAWS OF 2002, ch. 150, § 2.

Conversely, the legislature did not react at all when *O'Leary* was decided in 1986, 15 years earlier. The 2001 and 2002 findings did not mention *O'Leary* and did not address the meaning of the term "investments." And in fact the language of former RCW 82.04.4281 regarding the investment deduction remained the same after other language was deleted:

> (1) In computing tax there may be deducted from the measure of tax:
> (a) Amounts derived ~~by persons, other than those engaging in banking, loan, security, or other financial businesses,~~ from investments ~~or the use of money as such, and also~~.

LAWS OF 2002, ch. 150, § 2.

Finally, the 2002 amendments to RCW 82.04.4281 added definitions of several terms. LAWS OF 2002, ch. 150, § 2. But the legislature did not add a definition of "investment." This suggests that the legislature did not disagree with the *O'Leary* definition.

There is no basis for the LLCs' argument that the legislature's 2001 and 2002 findings and the 2002 amendment of RCW 82.04.4281 somehow superseded the definition of "investment" in *O'Leary*. Therefore, we conclude that *O'Leary* remains good law and establishes that the LLCs are not entitled to a deduction under RCW 82.04.4281(1)(a).

3. Effect of DOR Website Interpretation

The LLCs imply that an excerpt from DOR's website should control over the interpretation of "investments" in *O'Leary*. We disagree.

11

No. 57312-1-II

The LLCs suggest that we adopt DOR's interpretation of investment funds and the application of the investment deduction on its website. DOR asserts that the website excerpt on which the LLCs rely is addressing a completely different issue than the meaning of "investments" under RCW 82.04.4281(1)(a).

However, the LLCs provide no authority for the proposition that DOR guidance on its website somehow controls over the statutory language and a Supreme Court decision interpreting that language. In fact, the cases state the opposite.

In *Bravern Residential, II, LLC v. Department of Revenue*, this court rejected an argument that DOR's construction guidelines could be used to avoid taxes for construction activities. 183 Wn. App. 769, 780, 334 P.3d 1182 (2014). The court emphasized that documents like construction guidelines could not contradict the plain language of any applicable regulation. *Id.*

In *Dynamic Resources, Inc. v. Department of Revenue*, the taxpayer relied on a guide that DOR had published regarding taxes in a certain industry. 21 Wn. App. 2d 814, 823, 508 P.3d 680 (2022). The court stated,

> The Guide, however, is simply that—a guide. . . . Despite inconsistencies between the Guide and RCW 82.04.050(2)(b), the statute controls. [The taxpayer] cannot avoid its tax obligations based on informal tax guidance, and its information does not replace or substitute Washington rules or laws.

*Id.*

We conclude that the information on DOR's website is immaterial to the resolution of this case.

12

No. 57312-1-II

CONCLUSION

We affirm the trial court's order granting summary judgment in favor of DOR.

_____
MAXA, J.


We concur:

_____
CRUSER, A.C.J.


_____
VELJACIC, J.